The STATE of Texas, Appellant,

v.

Leticia GONZALEZ, Appellee.

No. 13–94–246–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 28, 1995.

Luis V. Saenz, Dist. Atty., John A. Olson, Asst. Dist. Atty., Brownsville, for appellant.

Ernesto Gamez, Jr., R. Brian Hunsaker, Brownsville, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

The State appeals from the trial court's judgment granting appellee deferred adjudication probation. We reverse the judgment of the trial court and remand the case for further proceedings.

Appellee, Leticia Gonzalez, was charged by indictment with committing, on June 9, 1993, the offense of involuntary manslaughter by intoxication under TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1989) (now codified at TEX.PENAL CODE ANN. § 49.08 (Vernon 1994)).[1] On April 18, 1994, Gonzalez pleaded *nolo contendere* and filed a motion for deferred adjudication probation. On May 17, 1994, after a presentence investigation, the trial court deferred adjudication, placed Gonzalez on ten years' probation, and assessed restitution fees and other court costs. The State did not object to the granting of probation, but did object to the court's deferring adjudication.

We exercise jurisdiction over the present appeal by the State pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.01(b) (Vernon Supp. 1994). *See State v. Puga,* No. 13–93–601–CR (Tex.App.—Corpus Christi January 19, 1995, no pet. h.); *State v. Sosa,* 830 S.W.2d 204, 205 (Tex.App.—San Antonio 1992, pet. ref'd).

In 1993, the Texas Legislature made substantial changes to the Code of Criminal Procedure. Effective September 1, 1993, a trial court may grant a defendant deferred adjudication probation pursuant to TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(d), unless the defendant is charged with an offense under TEX.PENAL CODE ANN. §§ 49.04, 49.05, 49.06, 49.07, or 49.08. Chapter 49 of the Penal Code includes certain intoxication and alcoholic beverage offenses, including involuntary manslaughter now codified at TEX.PENAL CODE ANN. § 49.08 (Vernon 1994) (effective September 1, 1994).[2]

■ Gonzalez argues that the trial court had the authority to grant her deferred adjudication probation because TEX.CODE CRIM. PROC.ANN. art. 42.12, § 5(d) became effective September 1, 1993, and TEX.PENAL CODE ANN. §§ 49.04, 49.05, 49.06, 49.07, or 49.08 did not become effective until September 1, 1994. She argues that since no person could

1. Act of 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. January 1, 1974, amended by Act of 1987, 70th Leg., ch. 307, § 1, eff. September 1, 1987 (now codified at TEX.PENAL CODE § 49.08 (Vernon 1994)).

2. Act of 1993, 73rd Leg., ch. 900, § 1.01, eff. September 1, 1994.

be charged with the offenses set out in TEX.PENAL CODE ANN. §§ 49.04, 49.05, 49.06, 49.07, or 49.08 until after September 1, 1994, TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(d) had no exclusions between September 1, 1993 and September 1, 1994.

Gonzalez has confused the effect these statutory changes had on the authority of a trial court to grant deferred adjudication probation. Section 4.03 of the amending act states as follows:

> SECTION 4.03. From the effective date of this article [September 1, 1993] until September 1, 1994, a reference in Article 42.12, Code of Criminal Procedure, as amended by this Act, to an offense under Chapter 49, Penal Code, shall be construed as a reference to the offense and the punishment provisions for the offense as they existed before the effective date of Article 1 of this Act [September 1, 1994].

Act of 1993, 73rd Leg., ch. 900, § 4.03.

In the present case, Gonzalez was charged with the offense of involuntary manslaughter by intoxication under TEX.PENAL CODE ANN. § 19.05(a)(2). The 73rd Legislature recodified § 19.05(a)(2) as TEX.PENAL CODE ANN. § 49.08. Thus, between September 1, 1993 and September 1, 1994, the reference in TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(d) to TEX.PENAL CODE ANN. § 49.08 must be construed as a reference to TEX.PENAL CODE ANN. § 19.05(a)(2).

■ Deferred adjudication under TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(d) is not available: 1) to persons charged before September 1, 1994 with the offense of involuntary manslaughter by intoxication under TEX.PENAL CODE ANN. § 19.05(a)(2) or 2) to persons charged after September 1, 1994 with the offense of involuntary manslaughter by intoxication under TEX.PENAL CODE ANN. § 49.08. We hold that the trial court did not have authority to grant appellee deferred adjudication probation.

We reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.