Stephen Joseph VISOSKY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–380–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 21, 1997.

Bill Ewert, Jr., Kingsville, for Appellant.

Roy C. Turcotte, Sarita, for State.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

A jury found appellant, Steven Joseph Visosky, guilty of criminal trespass.[1] During the punishment stage of the trial, the trial court accepted an agreement between the State and appellant that appellant be placed on deferred adjudication.[2]

Appellant raises three points of error claiming the order of deferred adjudication is void because he never pled guilty; the court erred in the admission of evidence; and that the evidence is legally insufficient to support his conviction. Citing *McFarland v. State*, 727 S.W.2d 43 (Tex.App.—San Antonio 1987, no writ), the State contends this Court does not have jurisdiction over this appeal because the purported judgment does not adjudicate appellant's guilt, and no appeal lies from an order of deferred adjudication.

This issue was decided adversely to the State in *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996). As here, the State in *Watson* argued that the appellate court should dismiss the appeal for want of jurisdiction. The *Watson* court relied on its previous decision in *Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim.App.1991), and held that the effect of article 42.12 is to make deferred adjudication orders appealable even though guilt has not been adjudicated.

However, appeals deriving from article 42.12 are restricted by rule 40(b)(1) of the rules of appellate procedure. *Watson*, 924 S.W.2d at 713; *Dillehey v. State*, 815 S.W.2d at 626. Rule 40(b)(1) provides that any defendant who has been convicted *on his plea of guilty or nolo contendere* and whose punishment has been assessed by the trial judge in accordance with a recommendation of the prosecuting attorney may only complain on appeal of those matters allowed by the trial judge or raised by written motion filed and ruled upon prior to trial. Tex.R.App. P. 40(b)(1) (emphasis added). In the present case, rule 40(b)(1) does not restrict appellant's ability to present this appeal because he never pled guilty or *nolo contendere*. The State's claim that we have no jurisdiction is overruled.

In his first point of error, appellant asserts the judgment of the trial court granting deferred adjudication was void *ab initio*. The Austin Court of Appeals recently addressed this issue in *Rodriguez v. State*, 939 S.W.2d 211 (Tex.App.—Austin 1997, no pet.). *Rodriguez* is directly on point. In that case, the defendant pled not guilty to the offense of indecency with a child by exposure. The jury found him guilty and thereafter, the trial court deferred adjudication and placed him on community supervision. *Rodriguez*, 939 S.W.2d at 213. The Austin Court of Appeals addressed as unassigned error, the authority of the trial court to defer adjudication of guilt after the jury's verdict. In a well reasoned opinion, the court concluded the trial court erred in entering an order placing the defendant on deferred adjudication. *Rodriguez*, 939 S.W.2d at 221. We agree with this decision and apply it here.

The deferred adjudication statute provides that "the judge may, after *receiving a plea of guilty or plea of nolo contendere*," grant a defendant deferred adjudication. Tex.

---

1. Tex Penal Code Ann. § 30.05 (Vernon 1994).

2. The propriety of this action is the subject of appellant's first point of error.

CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.1997) (emphasis added). The option of deferred adjudication by its very terms is limited to those defendants who actually plead guilty or *nolo contendere* before the court after waiving a jury trial. *Rodriguez, 939 S.W.2d at 221; Reed v. State,* 644 S.W.2d 479, 483 (Tex.Crim.App.1983). Appellant here did not plead guilty or *nolo contendere.* Moreover, appellant had a trial, and was found guilty. The very essence of deferred adjudication is that a defendant is not found guilty and is not convicted of any offense. *Rodriguez,* 939 S.W.2d at 221 (citing *McNew v. State,* 608 S.W.2d 166, 172 (Tex.Crim.App.1978)).

There is a technical, but important distinction between sections 3(a) and 5(a) of article 42.12. Section 3(a) is titled, "Judge Ordered Community Supervision," and provides that the trial court, *"after conviction* or a plea of guilty or nolo contendere, may suspend the imposition *of the sentence* and place the defendant on community supervision ..." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp.1997) (emphasis added). On the other hand, § 5(a), titled "Deferred Adjudication; Community Supervision," provides that the court may "defer further proceedings *without entering an adjudication of guilt,* and place the defendant on community supervision." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.1997) (emphasis added).

■ The phrase "without entering an adjudication of guilt" is omitted from § 3(a), just as the phrase "after conviction" is not contained in § 5(a). Thus, while § 3(a) permits the court to place a defendant on community supervision and may do so after the defendant has been convicted or enters a plea, a plain reading of § 5(a) indicates the legislature did not intend for a defendant to be eligible for deferred adjudication if he (1) has been convicted or (2) did not plea guilty or *nolo contendere.*

■ In the present case, appellant was convicted on his plea of not guilty and he never subsequently pled guilty or *nolo contendere.* The jury's verdict was not set aside, nor was appellant's plea of not guilty withdrawn. Accordingly, the trial court was not authorized to place appellant on deferred adjudication. If a punishment is not authorized by law, the portion of the sentence imposing that punishment is void. *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App. 1991); *Ex parte Johnson,* 697 S.W.2d 605, 606–607 (Tex.Crim.App.1985). Point of error number one is sustained.

Generally, an error in assessing community supervision or deferred adjudication would require us to reverse and remand with orders that the trial court withdraw appellant's plea and that appellant replead to the indictment. *Heath,* 817 S.W.2d at 337. However, we will not do so in this case due to our disposition of point of error number three.

■ Appellant was indicted for trespassing on Kenedy Memorial Foundation property which is located within the Kenedy Ranch. In his third point of error, appellant claims the evidence is legally insufficient to prove he entered upon property of the Kenedy Memorial Foundation.

■ When we review a legal sufficiency of the evidence point of error, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Patrick v. State,* 906 S.W.2d 481, 486 (Tex.Crim.App.1995). The standard is the same for both direct and circumstantial evidence cases. *Earhart v. State,* 823 S.W.2d 607, 616 (Tex.Crim.App.1991). We measure the legal sufficiency of the evidence against the indictment as incorporated into the jury charge. *Fisher v. State,* 887 S.W.2d 49, 55 (Tex.Crim.App.1994); *Benson v. State,* 661 S.W.2d 708, 715 (Tex.Crim.App.1982) (opinion on rehearing), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984).

The State's only evidence regarding entry onto the Foundation's property was the testimony of Officer Michael Davis Fain, who has been with the Texas Parks and Wildlife Department for just under eighteen years. Officer Fain has lived in Sarita, Kenedy County, Texas for fourteen years and has

extensive knowledge of the ranches and boundaries in Kenedy County. A map of a portion of the Kenedy Ranch was introduced into evidence. Officer Fain testified he could "tell by looking at the map that that's the approximate location of where the apprehension and violation occurred." However, the map failed to indicate where the Kenedy Memorial Foundation property was located. Furthermore, Fain failed to specifically state that appellant entered upon Kenedy Memorial Foundation property.

An officer's testimony cannot establish as a matter of law that a defendant committed trespass where the record does not indicate the defendant was on a portion of private property from which he rightly could be excluded. *State v. Jackson,* 849 S.W.2d 444, 446 (Tex.App.—San Antonio 1993, no pet.). While it is true the Kenedy Memorial Foundation is located on the Kenedy *Ranch,* and Officer Fain testified he told appellant he was inside the Kenedy *Ranch,* Officer Fain never testified that appellant trespassed in the Kenedy *Memorial Foundation* portion of the Kenedy Ranch.

Because the State failed to adduce any evidence appellant trespassed on Kenedy Memorial Foundation property, we sustain point of error three. Our disposition of appellant's third point of error makes it unnecessary for us to address point of error two. TEX. R. APP. P. 90(a).

The judgment of the trial court is REVERSED and a judgment of acquittal entered.