**The STATE of Texas,**

v.

**Joel Ray BAIZE, Appellant.**

**No. 926–97.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 9, 1998.

Daniel W. Hurley, Aaron R. Clements, Lubbock, for appellant.

John S. Klassen, Dist. Atty. Pro Tem, Office of the Attorney General, Austin, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

Appellee was convicted by a jury of criminally negligent homicide, and the trial court assessed punishment at sixty days in jail and a $500 fine, both of which were probated. The State appealed pursuant to Article 44.01(b), V.A.C.C.P., claiming the sentence was illegal because the trial court allowed Appellee to untimely change his election for the jury to assess punishment over the State's objection.[1] The Court of Appeals dismissed the appeal for lack of jurisdiction. *State v. Baize*, 947 S.W.2d 307 (Tex.App.— Amarillo 1997). We granted the State's petition for discretionary review to determine the whether State may appeal the trial court's assessment of punishment under these circumstances.

Article 44.01(b) provides, "The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal." The Court of Appeals addressed the meaning of "illegal sentence," applying a statutory construction analysis. See *Boykin v. State*, 818 S.W.2d 782 (Tex.Cr.App.1991). It determined that when the State was given the right to appeal in 1987, "illegal sentence" had acquired a technical or particular meaning— a sentence the trial court had no jurisdiction to levy or one which violates a fundamental

---

1. Article 37.07, § 2(b), V.A.C.C.P. provides that the trial court shall assess punishment unless the defendant elects in writing prior to the beginning of voir dire for the jury to assess punishment.

However, "[i]f a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

constitutional right. *Baize,* 947 S.W.2d at 311.

■ At the time of its opinion, the Court of Appeals did not have the benefit of our decision in *State v. Ross,* 953 S.W.2d 748 (Tex.Cr.App.1997), in which we held that for purposes of Art. 44.01(b), "sentence" has the same meaning as in Article 42.02, V.A.C.C.P. The current version of Art. 42.02 provides, "The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." The State acknowledges this definition of "sentence," and it contends that the plain meaning of "illegal" is "not according to or authorized by law." From this it reasons that because the trial court's assessment of punishment was not according to or authorized by Art. 37.07, § 2(b), an illegal sentence resulted.

■ The State's analysis is flawed for two reasons. First, it attempts to define "illegal sentence" instead of "sentence".[2] In *Ross,* we explained that when a court of appeals contemplates its jurisdiction under Art. 44.01(b), it must determine whether the State is appealing the sentence or whether it is appealing something other than the sentence. *Id.* at 750. We pointed out that Art. 44.01(b) allows the State to appeal "a sentence not *when* a sentence is illegal, but *on the ground* that it is illegal." *Ibid.* (emphasis in original). Second, the State's argument incorrectly substitutes "assessment of punishment" for "sentence." Again, this is contrary to *Ross,* which held that "sentence" has

a narrow meaning. Consistent with our holding in *Ross,* the meaning of sentence in Art. 44.01(b) is not the same as the act of assessing punishment.[3]

■ Although it could be argued that jurisdiction is vested by the State's mere assertion that it is appealing the sentence, the Court of Appeals must determine whether it has jurisdiction. Therefore, the Court of Appeals may look behind the State's facial allegation of what it is appealing to determine whether it is in fact "appealing a sentence and not something else." *Ross,* 953 S.W.2d at 750. In the instant case, even if the trial court's act of assessing punishment was not authorized, there is no showing that the punishment itself or the order carrying the punishment into execution was illegal. Thus, the State is not appealing the sentence, but the procedure leading to the assessment of punishment. The Court of Appeals does not have jurisdiction under these circumstances.

In addition to its argument that illegal assessment of punishment and illegal sentence are synonymous, the State also argues that this particular error in assessment of punishment *renders* the resulting sentence illegal. We need not address this claim because it deals with the merits of the appeal. The issue before us is jurisdictional—whether the State is appealing a sentence on the ground that it is illegal—not whether the sentence is illegal. *Id.* at 749–50.

The Court of Appeals did not have jurisdiction under Art. 44.01(b), because the State was not appealing the sentence on the

2. The State's focus on the meaning of "illegal sentence" instead of "sentence" is understandable, since the Court of Appeals took this approach in deciding the issue.

3. The State submits that Art. 44.01 should be construed liberally in keeping with the legislature's intent to grant the State extensive appellate rights. It argues the legislature intended that the State's rights under Art. 37.07, § (2)(b) be realized. We addressed this concern in *Ross,* when we construed the meaning of "sentence". *Ross,* 953 S.W.2d at 750–51. In the present situation, the State is not without a remedy, as it may enforce a ministerial duty through mandamus or prohibition. We appreciate the State's complaint that mandamus is not a fail-safe means of correcting this type of error. As the

State points out, the trial judge can prevent the prosecutor from seeking mandamus relief by refusing to grant a recess in the proceedings. However, the shortcomings of mandamus do not permit this Court to fashion another remedy for procedural violations when the legislature has not seen fit to do so. Furthermore, even if the Court of Appeals exercised its jurisdiction in this case and reversed and remanded for a new trial, Appellee could arguably elect for the trial court to assess punishment, regardless of the State's consent. See *Saldana v. State,* 826 S.W.2d 948 (Tex.Cr.App.1992)(defendant is not bound by punishment election made at original trial when cause is reversed and remanded for new punishment hearing).

grounds that it was illegal. Accordingly, the judgment of the Court of Appeals dismissing the appeal is affirmed.

McCORMICK, P.J. filed dissenting opinion in which MANSFIELD, J. and WOMACK, J. joined.

KELLER, J. dissents.

McCORMICK, Presiding Judge, dissenting.

I dissent to affirming the Court of Appeals' decision to dismiss the State's appeal. We granted the State's petition for discretionary review to determine whether the State may appeal the trial court's assessment of punishment when it was unauthorized by Article 37.07, Section 2(b), V.A.C.C.P. I disagree with the majority's reasoning and would therefore reverse the decision of the Court of Appeals.

The Court of Appeals chose not to exercise jurisdiction in this case because it decided that the State had failed to satisfy the indicia of an illegal sentence. The Court of Appeals concluded that "an illegal sentence is, at the very least, one which the court had no jurisdiction to levy or one which violates a fundamental constitutional right." *State v. Baize,* 947 S.W.2d 307, 311 (Tex.App.-Amarillo 1997, pet. granted). The Court of Appeals cited to numerous cases supporting its decision that an "illegal sentence" involves more than procedural error and that an "illegal sentence" must either trammel jurisdictional limitations or fundamental constitutional principles. *Id.* at 310. In this case, the Court of Appeals has narrowly construed the scope of Article 44.01(b), and has therefore failed to realize fully the legislative intent behind the statute. The issue before us is to decide whether the State may appeal, pursuant to Article 44.01(b), V.A.C.C.P., the trial court's assessment of punishment based upon the ground that the sentence is illegal.

In *State v. Ross,* 953 S.W.2d 748, this Court claims to have applied the plain meaning to the term "sentence." The majority in that case elected to rely upon the definition of "sentence" as defined in Article 42.02, V.A.C.C.P. which states, "The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." This Court held that a sentence only includes *facts* regarding length of punishment and assessment of a fine. However, a "sentence" would not include other aspects of the judgment which *merely affect* the terms of punishment (i.e. the jury verdict, the offense for which defendant is convicted and any affirmative findings). *Id.* at 750. The majority in *Ross* established that a "sentence" would not incorporate an affirmative deadly weapon finding, and that the trial court's failure to make the deadly weapon finding in the judgment was therefore unappealable by the State under Section 44.01(b). As a result, a narrow interpretation of the statute was created contrary to legislative intent. The majority's decision did nothing more than to define a "sentence" to be only that "portion of the criminal judgment setting out the terms of punishment." *Id.* at 750–51.

It is incumbent upon this Court to discover and effectuate the legislative intent or purpose of an underlying statute. *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991). In doing so, we must focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. *Id.* at 785. Under *Boykin,* we must apply the "plain meaning" to the statute unless application of the statute's literal text would lead to absurd consequences that the Legislature could not possibly have intended. *Id.* at 785. When reviewing the literal text of the statute, this Court will read the words and phrases of the statute in context and construe them "according to the rules of grammar and common usage." Tex. Gov't Code Ann., Section 311.011(a). And where the statute is "clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State,* 808 S.W.2d 473, 475 (Tex.Cr.App.1991). The plain meaning of the terms in Article 44.01(b) permits the State to appeal this sentence because the sentence imposed by the trial court is illegal. The dictionary defines "illegal" as "not authorized

by law; illicit; unlawful; contrary to law." *Black's Law Dictionary* (4th ed.) 882 (1951).[1] The sentence in this case is illegal because it is not authorized by law, namely in accordance with Article 37.07, Section 2(b), V.A.C.C.P., which provides:

> "Except as provided in Article 37.071, if a finding of guilt is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury, except as provided in Article 44.29. If a finding of guilty is returned, the defendant may, *with the consent of the attorney for the state,* change his election of one who assesses the punishment." (Emphasis added).

In the case at bar, the State did not consent to appellee changing his election of who assessed punishment. The trial court dismissed the jury and assessed a sentence without the consent of the State. This violated Article 37.07, Section 2(b), and is therefore an illegal sentence which is appealable by the State.

The majority in the instant case fails to apply the plain meaning to the statute, but rather continues to follow the narrow construction of Article 44.01 established in *Ross*. This Court should overrule the holding in *Ross*. It is for these reasons briefly mentioned that I respectfully dissent.

MANSFIELD and WOMACK, JJ., join this dissenting opinion.

---

**1.** *See Fairow v. State,* 943 S.W.2d 895, 904–05 (Tex.Cr.App.1997)(Meyers, J., cites to the Webster Dictionary definition of "opinion" to resolve issue presented regarding lay witness opinion testimony); *State v. Johnson,* 939 S.W.2d 586, 587 (Tex.Cr.App.1996)(Meyers, J., cites to the New Merriam–Webster Dictionary definition of "other" to address exclusionary statute prohibiting admission of evidence illegally obtained by an officer or other person); and *Bingham v. State,* 915 S.W.2d 9, 10 (Tex.Cr.App.1994)(Meyers, J., applies the New MerriamWebster Dictionary definition of "testimony" for purposes of corroboration requirement for testimony by accomplice).