The STATE of Texas, Appellant,

v.

Ladderick Donnell WILCOX, Appellee.

No. 03–98–00611–CR.

Court of Appeals of Texas, Austin.

May 27, 1999.

Hollis C. Lewis, Jr., County & Dist. Atty., William W. Torrey, Asst. Dist. Atty., Cameron, for appellant.

Michael D. Goains, Goains & Goains, P.C., Cameron, for appellee.

Before Chief Justice ABOUSSIE, Justices KIDD and PATTERSON.

MARILYN ABOUSSIE, Chief Justice.

Appellee Ladderick Donnell Wilcox sought to waive his right to trial by jury and enter a plea of guilty to possessing less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp.1999). The State refused to consent to the jury waiver. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) (West Supp.1999). Accordingly, a jury was empaneled and heard Wilcox's plea of guilty. After it returned a directed verdict of guilty, the jury was dismissed without objection by the State, and the district court heard evidence relevant to punishment.[1] The court then announced that the evidence substantiated Wilcox's guilt, deferred further proceedings without adjudicating guilt, and placed Wilcox on community supervision. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp.1999).

The State appeals what it contends is an illegal sentence. *See* Tex.Code Crim. Proc. Ann. art. 44.01(b) (West Supp.1999). The State argues that the district court was not authorized to defer adjudication because Wilcox was convicted by the jury. *See Visosky v. State*, 953 S.W.2d 819, 821 (Tex.App.—Corpus Christi 1997, no pet.) (defendant not eligible for deferred adjudication if he has been convicted, or if he did not plead guilty or no contest); *Rodriguez v. State*, 939 S.W.2d 211, 221 (Tex.App.— Austin 1997, no pet.) (deferred adjudication limited to defendants who plead guilty before trial court). We do not reach the merits of the State's argument because we conclude that the State is not authorized to appeal.

"The State is entitled to appeal a sentence in a case on the ground that the sentence is illegal." Tex.Code Crim. Proc. Ann. art. 44.01(b). The courts of appeals have divided on the question whether article 44.01(b) authorizes the State to appeal a deferred adjudication order on the ground that the trial court was not authorized to defer adjudication. Some courts have entertained such appeals, citing article 44.01(b) without elaboration. *See State v. Gonzalez*, 894 S.W.2d 857, 858 (Tex. App.—Corpus Christi 1995, no pet.); *State v. Sosa*, 830 S.W.2d 204, 205 (Tex.App.— San Antonio 1992, pet. ref'd). Other courts, however, have given the term "sentence" in article 44.01(b) its statutory meaning as that part of a judgment of conviction that orders execution of punishment. *See* Tex.Code Crim. Proc. Ann. art. 42.02 (West Supp.1999). Because there is no judgment of conviction when adjudication is deferred, and hence no sentence within the meaning of article 42.02, these courts concluded that article 44.01(b) does not authorize the State to appeal an allegedly unlawful deferred adjudication order.

---

1. Our description of the proceedings below should not be construed as an endorsement. When Wilcox entered his guilty plea, the proceeding should have become a unitary trial before the jury to determine punishment. *See Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim.App.1998); *Williams v. State*, 674 S.W.2d 315, 318 (Tex.Crim.App.1984); *Ricondo v. State*, 634 S.W.2d 837, 841 (Tex.Crim. App.1982) (op. on reh'g); *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex.Crim.App.1972).

*See Strain v. State*, 934 S.W.2d 424, 426 (Tex.App.—Amarillo 1996, no pet.); *Rodriguez*, 939 S.W.2d at 219.

The proper interpretation of article 44.01(b) has been the subject of two recent opinions by the Texas Court of Criminal Appeals. In *State v. Ross*, 953 S.W.2d 748 (Tex.Crim.App.1997), the defendant was convicted of involuntary manslaughter and sentenced to sixteen years in prison. The State appealed, contending the sentence was illegal because the trial court did not enter a deadly weapon finding in the judgment. The State argued that article 44.01(b) should be construed broadly so as to permit the State to appeal any matter that affects the sentence. *Id.* at 750. The court of criminal appeals rejected the State's argument. The court wrote:

> As the plain language of art. 44.01(b) makes clear, jurisdiction under that statute does not hinge on the legality of a sentence. Instead ... art. 44.01(b) jurisdiction turns on whether the State appeals a *sentence*. ... [O]nce the court of appeals determines that the State is appealing a sentence and not something else, jurisdiction is properly invoked and questions of legality can be addressed on their merits. This, because art. 44.01(b) provides for the appeal of a sentence not *when* a sentence is illegal, but *on the ground* that it is illegal.

*Id.* at 749–50 (footnote omitted). The court concluded that article 44.01(b) "only allows the State to appeal sentences" as defined in article 42.02. *Id.* at 750. Because a deadly weapon finding is not part of the sentence, article 44.01(b) did not authorize the State's appeal. *Id.* at 752.

The court reaffirmed *Ross* in *State v. Baize*, 981 S.W.2d 204 (Tex.Crim.App. 1998). In *Baize*, the State appealed a judgment of conviction on the ground that the trial court allowed the defendant to change his election for the jury to assess punishment over the State's objection that the change was untimely. The State argued that it was entitled to appeal pursuant to article 44.01(b) because the court's assessment of punishment was not according to law. *Id.* at 206. The court of criminal appeals replied that this argument was contrary to *Ross*, "in which we held that for purposes of Art. 44.01(b), 'sentence' has the same meaning as in Article 42.02, V.A.C.C.P." *Id.* Article 44.01(b) did not apply because "the State is not appealing the sentence, but the procedure leading to the assessment of punishment." *Id.*

Neither *Ross* nor *Baize* specifically addressed the question whether article 44.01(b) permits the State to appeal an order deferring adjudication. We believe, however, that the court's holding that article 44.01(b) allows the State to appeal only a sentence within the meaning of article 42.02 answers the question in the negative. The State in this cause does not seek to appeal a sentence, but something else. Because an order deferring adjudication does not constitute or contain a sentence, article 44.01(b) does not apply. As a consequence, the State is not entitled to appeal, and we are without jurisdiction.[2]

The appeal is dismissed.

---

**2.** In *Rodriguez*, after dismissing the State's appeal we reviewed the propriety of the deferred adjudication order as unassigned error. *See* 939 S.W.2d 211, 219 (Tex.App.—Austin 1997, no pet.). In that case, however, the defendant had invoked our jurisdiction by appealing. *See* Tex.Code Crim. Proc. Ann. art. 44.01(j) (West Supp.1999); *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex.Crim.App.1991). Thus, the inapplicability of article 44.01(b) did not deprive this Court of jurisdiction. In the present cause, Wilcox did not appeal and our jurisdiction depends entirely on the State's right to appeal pursuant to article 44.01(b).