TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00611-CR






The State of Texas, Appellant



v.



Ladderick Donnell Wilcox, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,702, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING






Appellee Ladderick Donnell Wilcox sought to waive his right to trial by jury and
enter a plea of guilty to possessing less than one gram of cocaine. See Tex. Health & Safety Code
Ann. § 481.115(a), (b) (West Supp. 1999). The State refused to consent to the jury waiver. See
Tex. Code Crim. Proc. Ann. art. 1.13(a) (West Supp. 1999). Accordingly, a jury was empaneled
and heard Wilcox's plea of guilty. After it returned a directed verdict of guilty, the jury was
dismissed without objection by the State, and the district court heard evidence relevant to
punishment. (1) The court then announced that the evidence substantiated Wilcox's guilt, deferred
further proceedings without adjudicating guilt, and placed Wilcox on community supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 1999). 

The State appeals what it contends is an illegal sentence. See Tex. Code Crim.
Proc. Ann. art. 44.01(b) (West Supp. 1999). The State argues that the district court was not
authorized to defer adjudication because Wilcox was convicted by the jury. See Visosky v. State,
953 S.W.2d 819, 821 (Tex. App.--Corpus Christi 1997, no pet.) (defendant not eligible for
deferred adjudication if he has been convicted, or if he did not plead guilty or no contest);
Rodriguez v. State, 939 S.W.2d 211, 221 (Tex. App.--Austin 1997, no pet.) (deferred
adjudication limited to defendants who plead guilty before trial court). We do not reach the merits
of the State's argument because we conclude that the State is not authorized to appeal.

"The State is entitled to appeal a sentence in a case on the ground that the sentence
is illegal." Tex. Code Crim. Proc. Ann. art. 44.01(b). The courts of appeals have divided on the
question whether article 44.01(b) authorizes the State to appeal a deferred adjudication order on
the ground that the trial court was not authorized to defer adjudication. Some courts have
entertained such appeals, citing article 44.01(b) without elaboration. See State v. Gonzalez, 894
S.W.2d 857, 858 (Tex. App.--Corpus Christi 1995, no pet.); State v. Sosa, 830 S.W.2d 204, 205
(Tex. App.--San Antonio 1992, pet. ref'd). Other courts, however, have given the term
"sentence" in article 44.01(b) its statutory meaning as that part of a judgment of conviction that
orders execution of punishment. See Tex. Code Crim. Proc. Ann. art. 42.02 (West Supp. 1999). 
Because there is no judgment of conviction when adjudication is deferred, and hence no sentence
within the meaning of article 42.02, these courts concluded that article 44.01(b) does not authorize
the State to appeal an allegedly unlawful deferred adjudication order. See Strain v. State, 934
S.W.2d 424, 426 (Tex. App.--Amarillo 1996, no pet.); Rodriguez, 939 S.W.2d at 219.

The proper interpretation of article 44.01(b) has been the subject of two recent
opinions by the Texas Court of Criminal Appeals. In State v. Ross, 953 S.W.2d 748 (Tex. Crim.
App. 1997), the defendant was convicted of involuntary manslaughter and sentenced to sixteen
years in prison. The State appealed, contending the sentence was illegal because the trial court
did not enter a deadly weapon finding in the judgment. The State argued that article 44.01(b)
should be construed broadly so as to permit the State to appeal any matter that affects the sentence. 
Id. at 750. The court of criminal appeals rejected the State's argument. The court wrote:


As the plain language of art. 44.01(b) makes clear, jurisdiction under that statute
does not hinge on the legality of a sentence. Instead . . . art. 44.01(b) jurisdiction
turns on whether the State appeals a sentence. . . . [O]nce the court of appeals
determines that the State is appealing a sentence and not something else,
jurisdiction is properly invoked and questions of legality can be addressed on their
merits. This, because art. 44.01(b) provides for the appeal of a sentence not when
a sentence is illegal, but on the ground that it is illegal.



Id. at 749-50 (footnote omitted). The court concluded that article 44.01(b) "only allows the State
to appeal sentences" as defined in article 42.02. Id. at 750. Because a deadly weapon finding is
not part of the sentence, article 44.01(b) did not authorize the State's appeal. Id. at 752.

The court reaffirmed Ross in State v. Baize, 981 S.W.2d 204 (Tex. Crim. App.
1998). In Baize, the State appealed a judgment of conviction on the ground that the trial court
allowed the defendant to change his election for the jury to assess punishment over the State's
objection that the change was untimely. The State argued that it was entitled to appeal pursuant
to article 44.01(b) because the court's assessment of punishment was not according to law. Id.
at 206. The court of criminal appeals replied that this argument was contrary to Ross, "in which
we held that for purposes of Art. 44.01(b), 'sentence' has the same meaning as in Article 42.02,
V.A.C.C.P." Id. Article 44.01(b) did not apply because "the State is not appealing the sentence,
but the procedure leading to the assessment of punishment." Id.

Neither Ross nor Baize specifically addressed the question whether article 44.01(b)
permits the State to appeal an order deferring adjudication. We believe, however, the court's
holding that article 44.01(b) allows the State to appeal only a sentence within the meaning of
article 42.02 answers the question in the negative. The State in this cause does not seek to appeal
a sentence, but something else. Because an order deferring adjudication does not constitute or
contain a sentence, article 44.01(b) does not apply. As a consequence, the State is not entitled to
appeal, and we are without jurisdiction. (2) 

The appeal is dismissed.



 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Dismissed for Want of Jurisdiction

Filed: May 27, 1999

Publish
1. Our description of the proceedings below should not be construed as an endorsement. When
Wilcox entered his guilty plea, the proceeding should have become a unitary trial before the jury
to determine punishment. See Carroll v. State, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998);
Williams v. State, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984); Ricondo v. State, 634 S.W.2d
837, 841 (Tex. Crim. App. 1982) (op. on reh'g); Basaldua v. State, 481 S.W.2d 851, 853 (Tex.
Crim. App. 1972).
2. In Rodriguez, after dismissing the State's appeal we reviewed the propriety of the deferred
adjudication order as unassigned error. See 939 S.W.2d 211, 219 (Tex. App.--Austin 1997, no
pet.). In that case, however, the defendant had invoked our jurisdiction by appealing. See Tex. 
Code Crim. Proc. Ann. art. 44.01(j) (West Supp. 1999); Dillehey v. State, 815 S.W.2d 623, 626
(Tex. Crim. App. 1991). Thus, the inapplicability of article 44.01(b) did not deprive this Court
of jurisdiction. In the present cause, Wilcox did not appeal and our jurisdiction depends entirely
on the State's right to appeal pursuant to article 44.01(b).



on of article 44.01(b) has been the subject of two recent
opinions by the Texas Court of Criminal Appeals. In State v. Ross, 953 S.W.2d 748 (Tex. Crim.
App. 1997), the defendant was convicted of involuntary manslaughter and sentenced to sixteen
years in prison. The State appealed, contending the sentence was illegal because the trial court
did not enter a deadly weapon finding in the judgment. The State argued that article 44.01(b)
should be construed broadly so as to permit the State to appeal any matter that affects the sentence. 
Id. at 750. The court of criminal appeals rejected the State's argument. The court wrote: