**Ladderick Donnell WILCOX, Appellant,**

v.

**The STATE of Texas.**

**No. 1079–99.**

Court of Criminal Appeals of Texas, En Banc.

May 3, 2000.

Michael Goains, Cameron, for appellant.

Jeffrey L. Van Horn, Asst. State Atty., Matthew Paul, State's Atty., Austin, for State.

PRICE, J., delivered a concurring opinion, in which McCORMICK, P.J., and MEYERS and KEASLER, J.J., joined.

I write separately to emphasize my displeasure with the actions taken by the trial court here. I cannot condone its act of

dismissing the jury and sitting as fact-finder for the punishment evidence. When a defendant pleads guilty in front of a jury, the trial is not bifurcated, but rather is a unitary trial asking that the fact-finder determine punishment only—not guilt. *See Carroll v. State,* 975 S.W.2d 630, 631–32 (Tex.Crim.App.1998). Trial courts should not attempt to circumvent the State's statutory right to refuse consent to a defendant's jury waiver by dismissing the jury before it has performed its only objective in a guilty plea case: determining punishment.

With these thoughts, I concur in the improvident grant of the State's petition.

WOMACK, J., filed a dissenting opinion in which MANSFIELD and KELLER, JJ., joined.

We granted review of this case to address a jurisdictional question: "Does a Court of Appeals have jurisdiction, pursuant to Code of Criminal Procedure article 44.01(b),[1] to consider the State's appeal of a trial court's imposition of deferred adjudication following a jury verdict of guilty?" The court of appeals held that the appellate courts "are without jurisdiction" of such an appeal.[2] In doing so, it followed our recent precedents.[3]

Today the Court simultaneously dismisses the case because our decision to grant review was improvident, and tries (in a concurring opinion) to address the merits of the appeal of which we have no jurisdiction. Respectfully, I think the Court does both too little and too much.

The question we agreed to review is the freshest unhealed wound we have inflicted on the criminal jurisprudence of the State.

This case is yet another illustration of the mistake our closely divided court made in holding that article 44.01(b) does not authorize such an appeal as this. The reasons why this holding was wrong have been given elsewhere.[4] I shall not repeat them here. The Court should grant review to correct the mistake and hold that the appellate courts have jurisdiction.

And the Court should not indulge in a *sub rosa* jurisprudence in which the appellate courts, acting without jurisdiction, discuss issues of illegal sentences in "concurring" opinions. If we are without jurisdiction, we have no authority to address the question of whether the trial court erred. By taking this unauthorized action, the Court tacitly recognizes that the grant of review in this case was far from improvident.

1. "The State is entitled to appeal a sentence in a case on the ground that the sentence is illegal." TEX.CODE CRIM. PROC. art. 44.01(b).

2. *See State v. Wilcox,* 993 S.W.2d 848, 850 (Tex.App.—Austin 1999).

3. *See State v. Baize,* 981 S.W.2d 204 (Tex.Cr.App.1998); *State v. Ross,* 953 S.W.2d 748 (Tex.Cr.App.1997); *cf. Speth v. State,* 6 S.W.3d 530 (Tex.Cr.App.1999) (defendant

may not complain of condition of probation for first time on appeal ), *cert. denied,* 529 U.S. ——, 120 S.Ct. 1720, —— L.Ed. ——, 2000 WL 249190 (2000).

4. *See Baize,* 981 S.W.2d at 207 (McCormick, P.J., dissenting, joined by two of three other dissenting judges); *Ross,* 953 S.W.2d at 752 (Womack, J., dissenting); *cf. Speth,* 6 S.W.3d at 535 (Womack, J., concurring, joined by three judges).