**Affirmed and Memorandum Opinion filed June 29, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00455-CR

---

### THE STATE OF TEXAS, Appellant

### V.

### SAMUEL ROBIN REYNOLDS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 14**
**Harris County, Texas**
**Trial Court Cause No. 2312092**

---

## MEMORANDUM OPINION

In this State's appeal from a conviction for driving while intoxicated, the only question that we consider is whether the trial court imposed an illegal sentence. For the reasons given below, we conclude that the trial court did not impose an illegal sentence, and we affirm the trial court's judgment.

## BACKGROUND

Nine days after he was charged with DWI, and only ten days after the offense was committed, Samuel Reynolds appeared in court with counsel for the purpose of entering a plea of guilty. The prosecutor appeared over Zoom and urged the trial judge to not accept the plea at that time. The prosecutor also objected under Article 1.13 of the Texas Code of Criminal Procedure and insisted that the case proceed to a jury trial. The prosecutor reasoned that she was still waiting on certain evidence such as videos, witness statements, and the results of a blood draw, and she explained that without such evidence she could not even make an agreed recommendation as to punishment.

The trial judge responded that the case should not be delayed any longer because Reynolds was prepared to admit his guilt, he was already waiting in jail, and any more resets would run the risk of needlessly prejudicing him. The trial judge also explained that he had the power under the Texas Supreme Court's COVID-19 emergency orders to suspend the application of Article 1.13. The trial judge accordingly overruled the prosecutor's objection under Article 1.13 and then immediately proceeded to take Reynolds's plea.

The trial judge arraigned Reynolds himself. Though the charging instrument contained two enhancement allegations—the first for a prior DWI, and the second for a felony theft—the trial judge only asked for a plea as to the first enhancement allegation, to which Reynolds answered true. Neither the trial judge nor any other party made any reference to the omitted second enhancement allegation. The prosecutor did not object to the trial judge's failure to ask for that plea, and she did not put forth any evidence as to the truth of the enhancement allegation.

The trial judge accepted Reynolds's pleas and then rendered judgment with punishment assessed at thirty days' confinement in the county jail. The State now appeals from this judgment.

## ANALYSIS

The State's right of appeal is limited to the grounds provided by Article 44.01 of the Texas Code of Criminal Procedure. *See* Tex. R. App. P. 25.2(a)(1). That article provides that the State may appeal a sentence "on the ground that the sentence is illegal." *See* Tex. Code Crim. Proc. art. 44.01(b). The State invoked this provision in its notice of appeal and now challenges the trial court's sentence on the ground that the sentence is below the minimum range of punishment. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.").

The State's argument is premised on the two enhancement allegations and their interplay with various statutes. Normally, a DWI is just a Class B misdemeanor with a minimum term of confinement of seventy-two hours. *See* Tex. Penal Code § 49.04(b). However, that DWI becomes a Class A misdemeanor with a minimum term of confinement of thirty days if the State proves on the trial of the offense that the defendant has a prior DWI conviction. *See* Tex. Penal Code § 49.09(a). That minimum term of confinement is further enhanced to ninety days if the State proves that the defendant has a prior felony conviction. *See* Tex. Penal Code § 12.43(a)(2). Because Reynolds was alleged to have both a prior DWI conviction and a prior felony theft conviction, the State contends that the trial court could not have sentenced Reynolds to any term of confinement less than ninety days.

The State fails to acknowledge that there was no pleading or finding relating to the alleged felony theft conviction. The record shows that Reynolds only pleaded

3

true to the first enhancement allegation, which was the prior DWI conviction. Reynolds was never asked for his plea as to the alleged felony theft conviction. Also, the State failed to put on any evidence as to that conviction, and we cannot assume that the enhancement allegation was true on a silent record. Because only the first enhancement allegation was found to be true in this case, we conclude that the minimum term of confinement was thirty days, which was the sentence that the trial court imposed. *See* Tex. Penal Code § 49.09(a). Therefore, we cannot say that the trial court sentenced Reynolds to a term outside the statutory range of punishment.

In two additional points, the State contends that the trial court's sentence is illegal because the trial court had no authority to even convict Reynolds on his plea of guilty without the prosecutor's consent under Article 1.13. The State relatedly argues that the Texas Supreme Court's COVID-19 emergency orders did not empower the trial court to suspend the application of Article 1.13, and that the trial court's rulings to the contrary render its judgment null and void.

Reynolds counters that we do not have appellate jurisdiction to consider these arguments because the State is not actually challenging the sentence on the ground that the sentence is illegal. We agree with Reynolds. Instead of challenging the sentence, the State has challenged the process in which the trial court arrived at the sentence, including the trial court's finding of guilt. The State has no such right of appeal under Article 44.01. Therefore, we do not consider the State's remaining arguments. *See State v. Baize*, 981 S.W.2d 204, 206 (Tex. Crim. App. 1998) (per curiam) ("Thus, the State is not appealing the sentence, but the procedure leading to the assessment of punishment. The Court of Appeals does not have jurisdiction under these circumstances.").

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).