In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00208-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**ELI DONOVAN SALINA BINNION, Appellee**

_____

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 26265**
_____

**MEMORANDUM OPINION**

On June 23, 2021, the trial court deferred adjudication of guilt and placed Eli

Donovan Salina Binnion on community supervision for ten years for sexual assault

of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2). On June 29, 2021, the State of

Texas, through its Criminal District Attorney, filed a notice of appeal from the order

of deferred adjudication as an appeal of an illegal sentence. *See* Tex. Code Crim.

Proc. Ann. art. 44.01(b). We questioned our jurisdiction, and the State and the

Appellee each filed a response. The State argues that the exercise of appellate

1

jurisdiction is appropriate to address the trial court's violation of Article 42A.102, Texas Code of Criminal Procedure ("[A] judge may place on deferred adjudication community supervision a defendant charged with an offense under Section . . . 22.011, . . . Penal Code, regardless of the age of the victim, . . . only if the judge makes a finding in open court that placing the defendant on deferred adjudication community supervision is in the best interest of the victim.").

The State asserts that a split of authority exists among the Courts of Appeals regarding whether article 44.01(b) authorizes an appeal by the State from an order deferring adjudication of guilt. *Compare State v. Sosa*, 830 S.W.2d 204, 205 (Tex. App.—San Antonio 1992, pet. ref'd) (Court had jurisdiction over State's appeal of a "deferred adjudication sentence" under article 44.01(b)), *with State v. Wilcox*, 993 S.W.2d 848, 850 (Tex. App.—Austin 1999), *pet. dism'd as improvidently granted by Wilcox v. State*, 18 S.W.3d 636 (Tex. Crim. App. 2000). The State argues that when a trial court fails to follow the procedure required prior to placement on deferred adjudication community supervision, the State may appeal the order as an illegal sentence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(b).

Considering subsequent caselaw concerning deferred adjudication orders, we decline to rely on *Sosa* for finding appellate jurisdiction in this appeal of an order deferring adjudication of guilt. Article 44.01(b) provides, "The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal." And the

meaning of the word "sentence" in Article 44.01(b) is not the same as "the act of assessing punishment." *State v. Baize*, 981 S.W.2d 204, 206 (Tex. Crim. App. 1998). Rather, "sentence" in article 44.01(b) has the narrow meaning in Article 42.02 of the Texas Code of Criminal Procedure. *Id.* "The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." Tex. Code Crim. Proc. Ann. art. 42.02. "Numerous Texas cases show that the sentence and the community supervision period are entirely different matters." *Mayes v. State*, 353 S.W.3d 790, 793 (Tex. Crim. App. 2011).

The Court of Criminal Appeals cited both *Sosa* and *Wilcox* in a mandamus proceeding where the State asserted that the trial court lacked the authority to allow a defendant to change his plea and place a defendant on deferred adjudication community supervision after a jury found the defendant guilty on a not guilty plea. *See In re State ex rel. Mau v. Third Ct. of Appeals*, 560 S.W.3d 640, 647-48 (Tex. Crim. App. 2018) (orig. proceeding). Noting that "it appears that the State has no ordinary appellate remedy by which to challenge the trial court's order granting deferred adjudication community supervision in this case—at least not under current binding precedent in Hays County, which falls within the Third Court of Appeals' district[,]" the Court concluded "the trial court was without authority to enter an order of deferred adjudication community supervision in this case; that the State

3

therefore has a clear right to compel the trial court to rescind that order; and that the State has no adequate remedy at law to challenge that order." *Id.* at 648. Accordingly, the State was entitled to mandamus relief.

It is notable that the Court of Criminal Appeals found the State lacked an adequate remedy by appeal because the Court of Appeals with appellate jurisdiction in the county of prosecution had held the State could not use Article 44.01(b) to appeal an order placing a defendant on deferred adjudication community supervision. *See id.* (citing *Wilcox*, 993 S.W.2d at 850). "[W]hen a court of appeals contemplates its jurisdiction under Art. 44.01(b), it must determine whether the State is appealing the sentence or whether it is appealing something other than the sentence." *Baize*, 981 S.W.2d at 204. Here, the State did not seek mandamus relief, but instead it filed an appeal of an order granting deferred adjudication. The trial court has neither adjudicated the guilt of the defendant nor has the trial court imposed or suspended a sentence. The State is therefore appealing something other than a final judgment or a "sentence" as provided for in Art. 44.01(b). Because we lack appellate jurisdiction, the appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

4

APPEAL DISMISSED.

PER CURIAM

Submitted on August 24, 2021
Opinion Delivered August 25, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.