Per curiam.
We have before us a motion for leave to file a petition for a writ of mandamus, a petition for a writ of mandamus, and a motion to stay relator's execution. In November 2006, a jury convicted relator of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed relator's conviction and sentence on direct appeal. Carter v. State , No. AP-75,603, 2009 WL 81328 (Tex. Crim. App. Jan. 14, 2009) (not designated for publication). Relator filed an initial writ of habeas corpus application in the trial court on September 5, 2008. This Court denied relief. Ex parte Carter , No. WR-70,722-01, 2010 WL 5232998 (Tex. Crim. App. Dec. 15, 2010) (not designated for publication).
In June 2016, after the denial of relator's federal writ application, the State moved the convicting court to set an execution date. On September 12, 2016, the convicting court issued an order setting relator's execution date for February 7, 2017.[1] Also on September 12, judicial staff counsel emailed relator's counsel and counsel for the State and informed them that relator's execution had been set for February 7, 2017. On September 15, around noon, the Office of Capital and Forensic Writs (OCFW) received email notice that relator's execution date had been set for February 7, 2017.
On January 27, 2017, relator filed in the trial court a motion to withdraw as counsel and to modify the execution date. He argued that, because Texas Code of Criminal Procedure article 43.141(b-1) provides that notice of the setting of an execution date must be given within two business days, and notice was not given to the OCFW until the third business day, Section (b-2) of the statute requires that his execution be reset.
The State argued that the remedy of reset provided in the statute was not automatic, and because the intent of the statute was satisfied, a modification of the date was not required. The trial court agreed and denied relator's motion. Relator then filed the instant pleadings in this Court, arguing that, because the notice provision of Article 43.141 was violated, the statutory remedy was automatically invoked, and the trial court had a ministerial duty to reset his execution date.
After reviewing all of the pleadings, this Court has determined that relator's execution *744 should be stayed pending this Court's resolution of the issue.
Newell, J., filed a concurring statement in which Richardson and Keel, JJ ., joined.
Yeary, J., filed a dissenting opinion in which Keller, P.J., and Keasler and Hervey, JJ ., joined.
Newell, J. filed a concurring statement, in which Richardson and Keel, JJ., joined.
The trial court, the State, and even the Texas Legislature just got played. The trial court in this case set Relator's execution date 148 days from the date of the order, providing Relator with well over the 90-day statutory minimum time to prepare. His trial counsel-who was undisputedly still representing Relator-was notified by multiple parties on the day the order was entered and informed of the scheduled execution date. However, it was not until the third business day that the Office of Capital and Forensic Writs (OCFW)-who was undisputedly not representing Relator-was notified via email of the execution date and given a copy of the order. This was a half-a-day late under the statute, but again, it still provided Relator's counsel well over 90 days to prepare any final pleadings. Had the trial court or the State caught this, perhaps the trial court could have quickly issued another order. Had someone sent a copy of the order by snail mail a day before the email was sent it would have complied with the statute even though a copy of the order would have arrived at the same time that the OCFW actually received it by email or possibly even a day later.
But Relator certainly did not alert anyone, nor did he have any reason or incentive to do so. The plain text of the statute at issue, article 43.141 of the Code of Criminal Procedure, reads as follows:
(b-1) No later than the second business day after the date on which the convicting court enters an order setting the execution date, a copy of the order must be sent by first-class mail, email, or fax to:
(1) the attorney who represented the condemned person in the most recently concluded stage of a state or federal postconviction proceeding; and
(2) the office of capital writs established under Subchapter B, Chapter 78, Government Code (b-2) The exclusive remedy for a failure to comply with Subsection (b-1) is the resetting of the execution date under this article.
TEX. CODE CRIM. PROC. ANN. art. 43.141 (West 2015). As we have recently seen, confusion regarding who represents a death-penalty defendant can result in delay in the filing of last-minute pleadings. See e.g. In re Risinger , 2016 WL 1230779 (Tex. Crim. App. Mar. 23, 2016) (not designated for publication). So it makes complete sense that the legislature would require notice to both OCFW and a death-penalty defendant's last-known attorney to ensure that the defendant's case does not fall through the cracks.
The statute is clear. When a trial court schedules an execution, it "must" provide a copy of that order in one of three prescribed ways to both the last-known attorney and the OCFW. The OCFW was entitled to a copy of the order within two business days by first-class mail, email, or fax. The OCFW got an email of the order a half-a-day late. Regardless of the fact that Relator's existing counsel had received sufficient notice, at that point, all Relator had to do was wait, which he did, until about two weeks prior to his execution date to set off a metaphorical time-bomb within these proceedings.
The Texas Legislature intended Article 43.141 to provide death-penalty defendants with a significant time period within which to prepare final pleadings in either state or *745 federal court. It clearly intended these notice requirements to facilitate that objective. I cannot fathom that the Legislature ever imagined this scenario. Nevertheless, that is how the statute is written. The notice in this case was untimely. See e.g. Mendez v. State , 914 S.W.2d 579, 580 (Tex. Crim. App. 1996) (holding that defendant's motion was untimely when filed on December 27th rather than December 24th even though the courthouse was closed on Christmas Eve); see also Castillo v. State , 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (holding that notice of appeal was one day late and therefore untimely because the relevant rule unambiguously required mail through the United States Postal Service and the appellant mailed his notice via Federal Express). The failure to comply with the statutory notice requirements only allows for one remedy, rescheduling. TEX. CODE CRIM. PROC. ANN. ART. 43.141 (b-2) (West 2015).
That is why I join the Court's order to stay the proceedings below. Rather than file and set the case for an opinion from this Court on Relator's petition for writ of mandamus I would simply lift the stay after the scheduled execution date passes and deny the petition as moot. Filing and setting the case for an opinion from this Court will only ensure greater delay in rescheduling the execution date. Instead, I would urge the Legislature to revisit Article 43.141 to address this issue. I find that course preferable to using yoga-logic to try and explain how a statute that requires both particular notice and an exclusive remedy does not actually require that remedy when the notice is statutorily insufficient. Most importantly, I trust that this is the last time we will see this type of three-day-monte now that trial courts and the State are on notice.
With these thoughts I join the Court's order.
YEARY, J., filed a dissenting opinion in which Keller, P.J., and Keasler, and Hervey, JJ., joined.
DISSENTING OPINION
The Court today stays the execution in this cause without ruling on whether to file and set the application for writ of mandamus. I would simply deny the motion for stay and deny leave to file the application for writ of mandamus. Because the Court does not, I respectfully dissent.
The Court seems to operate on the assumption that Subsection (b-2) of Article 43.141 constitutes a mandatory provision that requires a remedy any time there is a failure to comply with the notice provision in Subsection (b-1). TEX. CODE CRIM. PROC . art. 43.141, §§ (b-1) & (b-2). That is not how I read the statute. Subsection (b-2) provides that resetting the execution date is the "exclusive" remedy for failure to comply with Subsection (b-1). It does not say that such a remedy is mandatory any time there is a failure to comply with Subsection (b-1). It is more than possible to read the statute to mean that when it is appropriate to remedy a failure to comply with Subsection (b-1), then the only remedy available is to reset the execution date-not , for instance, to reverse the capital conviction or declare the capital punishment to be forfeited.
The facts of this very case demonstrate how it may not be appropriate to grant any sort of remedy at all in a given situation. Here, Relator's counsel had far more than the 91 days' notice that the statute was designed to afford. The district court's order set the execution for a date 148 days after the date the order was issued. And it was not Relator's counsel who received tardy notice, but the Office of Capital and Forensic Writs. Under these circumstances, it is far from clear to me that any remedy is required at all. The import of *746 the statute is subject to debate, at the very least. That being the case, it cannot plausibly be argued that Relator has shown that he has a "clear entitlement" to the relief he seeks. E.g. , In re Daniel , 396 S.W.3d 545, 549 (Tex. Crim. App. 2013). The question simply is not subject to mandamus.
There is nothing to be gained by granting the stay. I respectfully dissent.

According to the court's findings, counsel Robin Norris filed a notice of appearance in July 2016, in which he stated that he was relator's only counsel. Also according to the findings, instead of setting the execution at the 91st day as allowed by Texas Code of Criminal Procedure article 43.141, the court set the date into 2017 to accommodate counsel's busy schedule. There is no documentation in the record currently before us to support these findings.