

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-87,818-01

### IN RE STATE OF TEXAS EX REL. WESLEY MAU, HAYS COUNTY CRIMINAL DISTRICT ATTORNEY, Relator

### v.

### THIRD COURT OF APPEALS, Respondent

### ON PETITION FOR WRIT OF MANDAMUS
### FROM HAYS COUNTY

YEARY, J., delivered the opinion of the Court in which KELLER, P.J., and KEASLER, RICHARDSON, KEEL, and WALKER, JJ., joined. ALCALA, J., filed a concurring opinion in which HERVEY and NEWELL, JJ., joined. NEWELL, J., filed a concurring opinion in which HERVEY and ALCALA, JJ., joined.

## O P I N I O N

This mandamus proceeding arose from a misdemeanor prosecution for family-violence assault in which the convicting court granted deferred adjudication community supervision. Although the defendant originally pled not guilty and invoked his right to a jury trial, in the middle of that trial he changed his plea to guilty. The trial court then instructed

the jury to return a guilty verdict predicated upon the defendant's guilty plea, which the jury did. But then, rather than permit the jury to go on to assess punishment, the trial court dismissed the jury. And rather than assess punishment, the trial court placed the defendant on deferred adjudication community supervision.

In this mandamus proceeding, the State, through its elected district attorney, now first argues that the trial court was not authorized to defer the adjudication of the defendant's guilt. The State further contends that the trial court lacked authority to take over the role of assessing punishment from the jury because the defendant's change of plea converted the trial into a unitary proceeding, at which the jury should have assessed punishment. The State prays that we order the trial court to withdraw its order granting deferred adjudication community supervision and empanel a new jury to assess the defendant's punishment. We will indeed grant mandamus relief, but of a more limited scope than that requested. We hold that the trial court plainly lacked the authority to defer adjudication of guilt following a jury verdict on a plea of guilty, and we will conditionally order the trial court to withdraw its order of deferred adjudication.

## I. BACKGROUND

Jose Rivera, Jr., the real party in interest, was charged by information with the misdemeanor offense of family-violence assault for punching or choking his younger brother. TEX. PENAL CODE § 22.01(a)(1). He did not waive his right to a jury trial, and the State never gave written consent to his waiving a jury trial. The cause therefore proceeded to a jury trial

on Rivera's plea of not guilty. After several witnesses had testified, Rivera unexpectedly changed his plea to guilty.[1] The trial court accordingly retired the jury with an instruction that it return a verdict of guilty on the basis of Rivera's plea, which the jury immediately did.

But the trial court did not submit the issue of punishment to the jury. Instead, it dismissed the jury upon its return of the guilty verdict. Neither party objected to the jury's dismissal. The prosecutor then noted that Rivera had not been properly admonished prior to pleading guilty before the jury. Again without objection, the trial court proceeded to admonish Rivera, obtaining waivers of his various trial rights, including (as the trial court told Rivera) "the right to trial by jury, which we did begin here." Only at this point—after the jury had already returned a verdict of guilty—did Rivera purport to waive his right to jury trial. The State did not object to this belated waiver. But neither did the State consent in writing, before the entry of the guilty plea, as required by Article 1.13 of the Code of Criminal Procedure.[2] Rivera then *again* purported to plead guilty.

After hearing additional witnesses with respect to punishment, the trial court

---

[1] There is some suggestion in the record that Rivera changed his plea because the testimony revealed that he had punched his younger brother in the back, and Rivera acknowledged that this much of the allegation was, in fact, accurate. Rivera's counsel announced for the record, in the presence of the jury, that Rivera "would like to change his plea to guilty of striking the victim in the back with his fist." And, in fact, the trial court then announced to the jury that Rivera had pled guilty to the offense only insofar as he had "punched [his younger brother] on or about the lower back[.]"

[2] Before a defendant in a criminal prosecution for *any* offense less than capital will be allowed to waive the right to trial by jury, there must be "consent and approval of the attorney representing the state [which] shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea." TEX. CODE CRIM. PROC. art. 1.13(a).

announced on the record that it would defer adjudication, explaining:

> THE COURT: All right. Let me go on the record and make a couple of notations.
>
> I spent my lunch hour thinking about the case and potential ramifications, also thinking about the procedure we utilized this morning.
>
> A jury was selected, sworn, seated and testimony was initiated. During the course of that testimony, the defendant elected to change his plea and he did enter on the record in front of the jury a plea of guilty to the charge. In an abundances [sic] of caution, the Court then crafted a jury charge that resulted in an instructed verdict and instructed the jury to find the defendant guilty, but at no time was a judgment entered or conviction of adjudication made.
>
> As it turns out, based on the law and utilizing the case of State versus Sosa and Article 42.12, it is within the trial court's discretion if a defendant does plead guilty, even after trial has been initiated, the Court still possesses the authority to defer adjudication of guilt.[3]
>
> Based on the extreme circumstances in this case that led to that moment, as well as the entire punishment hearing, I believe the interest of justice out -- extraordinarily outweigh and weigh in favor of the Court's exercising that discretion; and therefore I will accept your plea of guilty that was made, which would then terminate the need for the jury at that time.
>
> And having received your voluntary plea of guilty, which we've received multiple times today, I will find it in the interest of justice to set aside and defer any adjudication on your guilt today and place you on deferred adjudication community supervision for a period of six months with no fine.

Only then did the State object:

> [PROSECUTOR]: Judge, our objection respectfully is that this was a

---

[3] *See State v. Sosa*, 830 S.W.2d 204 (Tex. App.—San Antonio 1992, pet. ref'd) (holding that trial court judge could allow the defendant to withdraw his plea of not guilty and plead guilty instead, and then grant deferred adjudication probation, despite having already found the defendant guilty on his not guilty plea); former TEX. CODE CRIM. PROC. art. 42.12 § 5(a) (authorizing deferred adjudication probation based upon a guilty plea to the trial court).

jury trial. This defendant pled guilty to a jury and [*State v. Sosa*] is a case involving a non jury trial. It is therefore distinguishable.

It's the State's belief that upon that finding of guilt by the jury, the defendant was convicted and there is no judgment non obstante verdicto in a criminal case.

The trial court replied:

THE COURT: I understand. And I want the record to be clear that it's my interpretation as the Court that once the defendant changed his plea to guilty, even though the jury had been sworn and impaneled, the procedure for submitting the case to the jury for a directed verdict was improper and once having received the guilty plea, the authority to allow a deferred adjudication to be the punishment in this case remain[s] with the Court and I'm exercising my discretion in that regard.

The trial court accordingly entered a written order deferring adjudication of guilt and placing Rivera on six months' deferred adjudication community supervision.[4]

The State sought a writ of mandamus from the Third Court of Appeals in Austin.[5]

That court denied relief in a brief, unpublished memorandum opinion in which it simply

---

[4] The written order deferring adjudication of guilt asserts, in boilerplate language, that "the Defendant, defendant's attorney, and the State announced in open court that they, and each of them agreed in writing to waive a jury in this cause and to submit this cause to the Court." Of course, the record plainly belies this assertion, at least insofar as it applies to the State. At no point did the State ever announce in open court, nor did it ever consent in writing, to Rivera's belated waiver of his right to a jury trial. And there was no such jury trial waiver, much less written consent from the State, prior to the jury's return of a verdict of guilty based upon Rivera's change of plea.

[5] The courts of appeals now have jurisdiction to grant mandamus relief against statutory county court judges, such as the judge in this case. *See* Acts 2017, 85th Leg., ch. 740, § 1, p. 3160, eff. Sept. 1, 2017 (amending TEX. GOV'T CODE § 22.221(b)(1), to include judges of statutory county courts as among those against whom courts of appeals may issue writs of mandamus). When a court of appeals and this Court have concurrent original jurisdiction of a petition for writ of mandamus against the judge of a district or county court, the petition should be first presented to the court of appeals absent a compelling reason not to. *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003).

declared that, "[h]aving reviewed the petition, the response of the real party in interest, relator's reply, and the record, we conclude that relator has not demonstrated that he is entitled to relief." *In re State ex rel. Mau*, No. 03-17-00588-CV, 2017 WL 5585510, at *1 (Tex. App.—Austin Dec. 1, 2017) (mem. op., not designated for publication). Relator now asks this Court to issue the writ of mandamus against the Third Court of Appeals, compelling that court to mandamus the trial court in this cause to withdraw its order deferring adjudication, enter judgment on the jury's verdict of guilty in the minutes of the court, and empanel a jury to determine Rivera's punishment.

Under these circumstances, this Court applies the two-pronged test for granting relief in mandamus proceedings: (1) whether the relator has an adequate remedy at law to address his complaint, and (2) whether what he seeks is a ministerial act, not involving discretion or judicial decision-making. *In re State ex rel. Young v. Sixth Judicial Court of Appeals*, 236 S.W.3d 207, 210–11 (Tex. Crim. App. 2007). A relator may satisfy the second prong by establishing that he has a clear right to the relief he seeks under law that is definite and unambiguous, and that "unquestionably applies to the indisputable facts of the case." *Id*. at 210.

## II.  ANALYSIS

### A.  The Trial Court's Authority to Assess Punishment

In making its second argument—that the trial court lacked authority to assess punishment after a guilty plea to a jury—the State places principal reliance upon this Court's

opinion in *In re State ex rel. Tharp*, 393 S.W.3d 751 (Tex. Crim. App. 2013). *Tharp*, in contrast to this case, involved a prosecution for a felony offense. *Id*. at 752. As in the instant case, the defendant in *Tharp* changed his plea from not guilty to guilty after his jury trial had already commenced. *Id*. at 753. Unlike this case, in *Tharp* the defendant had expressly elected to have the trial court assess his punishment, even though the guilt phase of his trial was before the jury. *Id*. The State argued that, by changing his plea before the jury from not guilty to guilty, the defendant had converted his trial into a unitary proceeding in which, notwithstanding his pre-trial election to have the judge assess his punishment, the jury would be required to assess punishment instead. *Id*. The trial court disagreed with the State, and ruled that it, not the jury, would assess punishment. *Id*.

In the mandamus proceeding that ensued, we held that the State was plainly correct, and ordered the trial court to submit the issue of punishment to the jury. *Id*. at 759. The trial court in *Tharp* relied upon the defendant's pretrial election of judge-assessed punishment under Article 37.07 of the Code of Criminal Procedure.[6] But we held that the controlling statute was, instead, Article 26.14, which requires that, in a *felony* case, when a defendant persists in pleading guilty, a jury shall assess punishment.[7] *Id*. at 754–59.

---

[6] *See* TEX. CODE CRIM. PROC. art. 37.07(2)(b) (providing for court assessment of punishment as the default unless the defendant elects in writing prior to voir dire to have the jury do so).

[7] In whole, this provision reads:

> Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable

In many previous felony cases, we have held that, when a defendant changes his plea from not guilty to guilty, but does not waive his right to a jury trial, the proceeding becomes a unitary trial, and the jury's primary function is to assess punishment. *E.g.*, *Ring v. State*, 450 S.W.2d 85, 87 (Tex. Crim. App. 1970); *Basaldua v. State*, 481 S.W.2d 851, 852–53 (Tex. Crim. App. 1972); *Frame v. State*, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. 1981); *Ricondo v. State*, 634 S.W.2d 837, 841–42 (Tex. Crim. App. 1981) (op. on reh'g).[8] These cases are predicated, however, upon a statute—Article 26.14—that, on its face, applies only to felony prosecutions. The instant prosecution involves a misdemeanor offense, so Article 26.14 does not expressly apply. On the other hand, Article 37.07 (upon which the trial court relied in *Tharp*) applies only in cases in which the defendant (felony or misdemeanor) persists in his plea of not guilty. *Rojas v.* State, 404 S.W.2d 30 (Tex. Crim. App. 1966); *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001). Here, Rivera changed his plea from not guilty to guilty in the middle of his misdemeanor jury trial. On their faces, neither Article 37.07 nor Article 26.14 seems to mandate that only one entity or the other—judge or

---

them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury.

TEX. CODE CRIM. PROC. art. 26.14.

[8] In that event, the appropriate procedure is to instruct the jury to return a guilty verdict—just as the trial court did in this case. *E.g.*, *Griggs v. State*, 451 S.W.2d 481, 483 (Tex. Crim. App. 1970); *Fairfield v. State*, 610 S.W.2d 771, 780 (Tex. Crim. App. 1981); *Ricondo*, 634 S.W.2d at 840; *Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988). The remaining question in this misdemeanor prosecution is whether the trial court should have also instructed the jury to assess punishment, as would be required in a felony case.

jury—should assess punishment in this context. *Tharp*, likewise, does not expressly control. In the absence of clear guidance establishing whether the State is entitled to insist on a jury assessment of punishment in this misdemeanor prosecution, we cannot conclude that the State has established a clear right to prohibit the trial court from assessing punishment in this case. We decline to grant mandamus relief to that extent.[9]

## B. The Trial Court's Authority to Grant Deferred Adjudication

In its first argument for granting mandamus relief, however, the State maintains that the trial court had a ministerial duty to enter judgment on the jury's verdict. It contends that permitting a trial court to defer adjudication of guilt after a jury has returned a verdict of guilty undermines the State's statutory discretion, under Article 1.13(a), to refuse to consent

---

[9] This Court has long and routinely issued opinions in which we have explained why mandamus relief must be denied. *E.g.*, *Ordunez v. Bean*, 579 S.W.2d 911 (Tex. Crim. App. 1979); *Warminksi v. Dear*, 608 S.W.2d 621 (Tex. Crim. App. 1980); *Collins v. Kegans*, 802 S.W.2d 702 (Tex. Crim. App. 1991); *Smith v. Gohmert*, 962 S.W.2d 590 (Tex. Crim. App. 1998). We have also issued opinions to explain why an application for writ of mandamus must be dismissed. *See Johnson v. Tenth Jud. Dist. Ct. of Appeals*, 280 S.W.3d 866 (Tex. Crim. App. 2008) (dismissing mandamus application because it did not involve a "criminal law matter" so as to invoke this Court's original jurisdiction); *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (opining that "Relator was entitled to mandamus relief[,]" but nevertheless dismissing her application as moot because she had already obtained the relief she sought); *see also McCree v. Hampton*, 824 S.W.2d 578 (Tex. Crim. App. 1992) (filing and setting an application for writ of mandamus but, in the same opinion, denying relief because the relief sought had already been obtained). We have even issued a detailed order to explain why we opted to deny leave to file an application for writ of mandamus in the first place. *In re Brown*, 343 S.W.3d 803 (Tex. Crim. App. 2011) (order denying leave to file an application for writ of mandamus with a detailed explanation that it would not be appropriate to grant mandamus relief because the trial court's action involved a judicial decision, not a ministerial function). There is nothing advisory in our issuing an opinion today that explains why it is appropriate to deny the State's broader claim to mandamus relief. Were we to grant the more limited relief the State seeks without passing on the issue of the greater relief, the State would undoubtedly simply refile its application to once again seek that greater relief.

to a jury waiver. By the time the jury returned a guilty verdict,[10] Rivera had not waived his right to a jury trial, and the State had not consented (in writing or otherwise) to such a waiver. We agree that the trial court was without authority to enter an order deferring adjudication of guilt—the action that provoked the State's objection in this case.

Absent the consent of the State as prescribed by Article 1.13 of the Code of Criminal Procedure, the trial court had no discretion to resolve the issue of Rivera's guilt in any manner but by a jury trial. *State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 374 (Tex. Crim. App. 1984). This is as true in a misdemeanor prosecution as it is in a felony prosecution. *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992). And, once the jury returned its guilty verdict, the trial court had a ministerial duty to immediately enter that verdict on the minutes of the court for inclusion in the ultimate written judgment. *See* TEX. CODE CRIM. PROC. art. 37.04 ("If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict *shall* be entered upon the minutes of the court.") (emphases added).

The court of appeals opinion relied on by the trial court—*State v. Sosa*—is not binding authority and is, at any rate, distinguishable. *See* note 3, *ante*. The question in *Sosa* was whether the judge, having found the defendant guilty on his plea of not guilty in a bench trial, could subsequently withdraw its finding of guilt in order to be able to assess deferred adjudication probation. 830 S.W.2d at 205. The court of appeals held that he could,

---

[10] *See* TEX. CODE CRIM. PROC. art. 37.01 ("A 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case.").

essentially because it could find no case law or provision in the Code of Criminal Procedure that prohibits it. *See id.* ("[W]e find no statutory or caselaw authority which circumscribes the trial judge's discretion in this situation or affirmatively prohibits this procedure."). The same cannot be said about a jury verdict of guilty.

The prosecutor was correct that, under the Code of Criminal Procedure, "the trial court does not have the authority to grant a different judgment—a judgment non obstante verdicto—than that rendered by the jury." *State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996). *See also Lucio v. State*, 351 S.W.3d 878, 905 (Tex. Crim. App. 2011) (a trial court lacks authority to entertain a request for a judgment notwithstanding the jury's verdict). Once a jury verdict of guilty has been returned, the only way in which a trial court may undo that verdict is by way of an order granting a motion for new trial. *See* TEX. R. APP. P. 21.1(a) ("*New trial* means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt."). A trial court may not grant a new trial *sua sponte. Ex parte Ybarra*, 629 S.W.2d 943, 945 (Tex. Crim. App. 1982). Nor may it grant a new trial, even "in the interest of justice," in the absence of some legal defect in the proceeding to justify its order. *State v. Thomas*, 428 S.W.3d 99, 104–05 (Tex. Crim. App. 2014). Here, Rivera never filed a motion for new trial, the trial court did not grant a motion for new trial, nor is any legal basis for such a motion apparent from the record.

Rivera's guilty plea to the jury resulted in a guilty verdict, and that verdict has not been abrogated. Under these circumstances, the trial court lacked authority to defer his

adjudication and place him on deferred adjudication community supervision. By its very terms, the statutory option authorizing deferred adjudication is limited to defendants who plead guilty or nolo contendere *before the trial court* after waiving trial by jury. *See* TEX. CODE CRIM. PROC. art. 42A.101(a) ("[T]he judge may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision."); *Reed v. State*, 644 S.W.2d 479, 483 (Tex. Crim. App. 1983), *overruled on other grounds by Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992) ("The power to defer adjudication rests solely within the discretion of the trial court. The availability of the option is limited to defendants who plead guilty or nolo contendere."). Although the trial court here made reference to former Article 42.12, Section 5, by the time of Rivera's trial, in August of 2017, this provision had been superseded by Article 42A.101. However, no substantive change in the law was intended by the 2015 legislation that repealed Article 42.12 and replaced it with Chapter 42A. *Moore v. State*, 520 S.W.3d 906, 908 n.3 (Tex. Crim. App. 2017). Because the trial court in this case plainly lacked authority to grant Rivera deferred adjudication community supervision following a guilty verdict from a jury, the State has established a clear right to compel the trial court to rescind its order granting deferred adjudication.

## C. Adequate Remedy?

Because deferred adjudication community supervision does not constitute a

"sentence," the Third Court of Appeals has held that the State cannot appeal from an order granting it under Article 44.01(b) of the Code of Criminal Procedure.[11] *See State v. Wilcox*, 993 S.W.2d 848, 850 (Tex. App.—Austin 1999) ("Because an order deferring adjudication does not constitute or contain a sentence [as defined by TEX. CODE CRIM. PROC. art. 42.02], article 44.01(b) does not apply. As a consequence, the State is not entitled to appeal, and we are without jurisdiction."). Although this Court originally granted the State's petition for discretionary review in *Wilcox*, we ultimately dismissed that petition on the ground that it had been granted improvidently. *Wilcox v. State*, 18 S.W.3d 636 (Tex. Crim. App. 2000). Thus, it appears that the State has no ordinary appellate remedy by which to challenge the trial court's order granting deferred adjudication community supervision in this case—at least not under current binding precedent in Hays County, which falls within the Third Court of Appeals' district.

### III. CONCLUSION

We conclude that the trial court was without authority to enter an order of deferred adjudication community supervision in this case; that the State therefore has a clear right to compel the trial court to rescind that order; and that the State has no adequate remedy at law to challenge that order. Accordingly, we conditionally grant the writ of mandamus to compel the court of appeals to order the trial court to rescind the order granting deferred adjudication. Any further relief is denied.

---

[11] *See* TEX. CODE CRIM. PROC. art. 44.01(b) ("The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.").

DELIVERED:      October 31, 2018
PUBLISH