# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00138-CV

**In re Raymond Allen**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Raymond Allen has filed a pro se petition for writ of habeas corpus complaining that the trial court has failed to hold a hearing relating to the revocation of his community supervision. *See* Tex. Code Crim. Proc. art. 42A.751(d).

This Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (limiting original habeas-corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case); Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). Our habeas-corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *see also In re Wilkins*, 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, no pet.).

To the extent that Allen's filing can be viewed as a petition for writ of mandamus, we must similarly conclude that he is not entitled to his requested relief. Article 42A.751 only requires a trial court to hold a hearing on the alleged violation of a condition of community supervision within 20 days of the defendant filing a motion requesting the hearing. *See* Tex. Code Crim. Proc. art. 42A.751(d). Nothing in the record before us establishes that Allen moved for a hearing under article 42A.751(d), and Allen has failed to provide a petition and record that are sufficient to establish his right to the requested relief. *See In re Hill*, 03-20-00480-CV, 2020 WL 6265524, at *2 (Tex. App.—Austin Oct. 23, 2020, no pet.) (explaining that the petitioner has the burden of providing this Court "with a sufficient petition and record to establish his right to mandamus relief"); *see also* Tex. R. App. P. 52.3(a) (requiring a relator to file a record containing sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding").[1] Allen has therefore failed to demonstrate he seeks a ministerial act, as required for mandamus relief in a criminal case. *See In re State ex rel. Mau*, 560 S.W.3d 640, 644 (Tex. Crim. App. 2018).

Accordingly, we dismiss relator's petition for writ of habeas corpus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly

Filed: April 2, 2021

---

[1] Moreover, we take judicial notice of the fact that the trial court has a revocation setting scheduled for April 12, 2021.