

# In the Court of Criminal Appeals of Texas

No. WR-93,089-01

In re STATE OF TEXAS, ex rel. BRIAN W. WICE,

*Relator*

On Application for a Writ of Mandamus
Against the First Court of Appeals

YEARY, J., filed dissenting opinion.

The real question before us today is whether, after venue in this case was transferred from Collin County to Harris County, the two judges who presided over the case in Harris County—State District Court Judge Robert Johnson, and then State District Court Judge Jason Luong—had *any authority at all* to send the case back to Collin County. The Court's analysis seems to place almost all of its focus on the authority of Judge George Gallagher—the Judge who was assigned to

this case in Collin County—to order the change of venue in the first instance. *See* Majority Opinion at 1−2 ("The issue before this Court, on mandamus, is whether Judge Gallagher had the constitutional and statutory authority to preside over *State v. Paxton* when he granted a change of venue to Harris County[.]"). That, I think, is a mistake.[1]

---

[1] The Court observes that "Real-Party-in-Interest claimed Judge Gallagher had no authority to preside over the case because the orders from the regional presiding judge of the Eighth Administrative Judicial Region had expired." Majority Opinion at 2, n.1. "That sole issue[,]" it says, "was raised in motions before two district judges in Harris County, the First Court of Appeals, and on mandamus before our Court." *Id.* And apparently from that, the Court draws the conclusion that "[a]ny other grounds are not mentioned in the record[,]" and that "[w]hat either Judges Johnson or Luong might have been thinking is pure speculation." *Id.*

My response is that this is not a direct appeal, and in this case we are not exercising our power of discretionary review. This case involves a request for mandamus relief—invoking our original authority to grant extraordinary relief. TEX. CONST. art. V, § 5(c). It does not involve a request from Real Party in Interest to do what the Harris County Judges have already done—to send this case back to Collin County. It is a request by Relator to overturn *that decision*—one that has already been made, by two different judges—before it can be carried out, and before any appeal from a judgment can be had.

In cases like this, the proper approach is not to focus exclusively on what the parties have argued before the trial court judge to support the entry of the challenged order. Here, Relator has the burden to prove that there is *no valid legal argument* that would justify the trial court's actions—that the trial court judge whose order is challenged simply had *no discretion* to do or to refrain from doing the action being complained about. There must be only *one right action or refusal to act* and the trial court must have done or not done it. The burden is upon the petitioner to negate by affirmative allegation and prove every fact or condition which would have authorized the public official to take action sought to be enforced upon him. *See Wortham v. Walker*, 133 Tex. 255, 279, 128 S.W.2d 1138, 1151 (1939) ("The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties."); *see also State ex rel. Wade v. Mays*, 689 S.W.2d 893, 898 (Tex. Crim. App. 1985) ("[A]n extraordinary writ is an order directing a public official to perform a duty exacted by law and will not issue to enforce a duty that is to any degree debatable.").

It is true that Relator seeks mandamus in this Court against the First Court of Appeals, and when we are asked to issue the writ of mandamus against a court of appeals, this Court essentially conducts a *de novo* review of the same question that was before that lower court, paying "no particular deference to the court of appeals's judgment with respect to whether the relator has established the requisites for mandamus relief." *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). But Judge Gallagher was not the respondent in the First Court of Appeals. Instead, the respondent in the First Court of Appeals was Judge Luong, who signed an order sustaining the original order returning this case to Collin County, which original order was signed by Judge Johnson.[2]

---

This principle seems to mirror to some degree, in my view, the way we often treat rulings by trial courts in other situations. This Court has described in other contexts what it has called the "right ruling, wrong reason" doctrine. *Martell v. State*, 663 S.W.3d 667, 672 (Tex. Crim. App. 2022). The principle of that doctrine seems to be that, in circumstances controlled by the doctrine, the Courts are "required to uphold [a] trial court's ruling on *any* applicable legal theory." *Id*. If, in the context of a direct appeal, such a principle can be applied, it certainly should apply in the context of mandamus proceedings where "[t]o obtain extraordinary relief, [a] [r]elator must show that . . . what he seeks to compel or prohibit is ministerial, involving no discretion." *In re State ex rel Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021). I consider it my duty, then, and the duty of the Court as well, to examine *any argument*, even one that the parties have avoided, that would support the trial judges' challenged actions.

[2] Judge Johnson was originally assigned to this case in Harris County. On June 25, 2020, Judge Johnson signed an order sending the case back to Collin County. On June 30, 2020, Relator filed an application for mandamus relief in the First Court of Appeals asking that Court to order Judge Johnson's June 25th order to be vacated. Then, on July 6, 2020, Judge Johnson signed an order voluntarily recusing himself from the case.

Mandamus is an inappropriate vehicle to address abstract disagreements with a trial court's given reason for a ruling when another, yet unspoken reason, might also still justify the trial court's same ruling. On review of an application for a writ of mandamus, a court should focus its attention on the *action* of the respondent—whether the respondent had jurisdiction, authority, or discretion to take, or refrain from, the challenged action. It should not focus narrowly on the respondent's stated *reason* for its action or inaction. *See e.g., Missouri-Kansas-Texas R. Co. of Tex. v. Brewster*, 124 Tex. 244, 246, 78 S.W.2d 575, 576 (Tex. [Comm'n Op.] 1934) ("It has long been the rule of law of this state that this court will not review by mandamus the action of a trial court in granting a new trial unless his action in attempting to do so is absolutely void. This rule applies even though the court may expressly state *erroneous reasons* for granting the motion, if the motion itself is sufficient to invoke his jurisdiction.") (emphasis added).

Relator's burden is to demonstrate that the trial court judge—against whom mandamus is sought (here, Johnson and Luong, not

---

On July 15, 2020, this case was reassigned at the district court level from Judge Johnson to Judge Luong. And then, on July 28, 2020, the First Court of Appeals abated the case to allow Judge Luong an opportunity to reconsider Judge Johnson's original order sending the case back to Collin County. Having regained authority over the case by virtue of the First Court of Appeals' abatement order, Judge Luong signed an order on October 23, 2020, finding that Judge Johnson's June 25th order effectively transferred the case back to Collin County and that his plenary jurisdiction to reconsider that order had expired, depriving him of jurisdiction over the case. But Judge Luong added that, if the First Court of Appeals disagreed with him about his jurisdiction over the case, Judge Gallagher's order transferring the case to Harris County "should be set aside" and the case should be transferred back to Collin County. *In re State ex rel. Wice*, 629 S.W.3d 715, 720 (Tex. App.—Houston [1st Dist.] 2021).

Gallagher)—had *no discretion* to rule the way he did. *See e.g., In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) ("To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is *nothing left to the exercise of discretion or judgment.*") (emphasis added); *In re State ex rel Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) ("To obtain extraordinary relief, Relator must show that . . . what he seeks to compel or prohibit is ministerial, involving *no discretion.*") (emphasis added). When I focus on Harris County Judges Johnson's and Luong's rulings as opposed to Judge Gallagher's, I cannot conclude that their rulings are subject to being ordered vacated on mandamus. I write separately to explain why. But before proceeding to that explanation, I wish to briefly highlight a different matter that I think the Court also gets wrong: whether there is an adequate remedy at law.

## I. ADEQUATE REMEDY AT LAW

A mandamus applicant must establish both: 1) that he has no adequate remedy at law; and 2) that he seeks to compel a ministerial act, not involving discretion or judicial decision-making, to which he is clearly entitled. *State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 644 (Tex. Crim. App. 2018). The Court rightly recognizes that both of these prongs must be satisfied before relief may be granted. Majority Opinion at 14 & 36, n.101. The first requirement—no adequate remedy at law—is meant to assure that an extraordinary remedy (like mandamus) is appropriate as opposed to an ordinary one. *Id.* (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)).

Relator argues that, "[b]ecause Judge Luong's ruling does not fall

within the scenarios vesting the State with the right to appeal, mandamus is the State's *only* remedy." Application for Writ of Mandamus at 15. But I can readily think of one at least *potentially* alternative legal remedy that Relator might seek: The State could simply file another motion for change of venue in the district court in Collin County.[3]

The Court responds that this proposed remedy is "no remedy at all." Majority Opinion at 36, n.100. It claims that this remedy would "lead to an infinite loop of venue changes before an appropriate venue is identified." *Id*. I disagree that it would add much delay, especially when compared to the delay occasioned by this proceeding—over one-and-a-half years now. But even if the Court is correct that such a revised proceeding would take too much time, Relator could instead file a motion, premised on the fact that Judge Gallagher has already ruled that a change of venue is appropriate, asking the appropriate judge in Collin County to act on that determination by transferring the case now to a venue that is proper under Article 31.02 of the Code of Criminal Procedure. *See post*, Part II; TEX. CODE CRIM. PROC. art. 31.02. After all, Real Party in Interest has already objected to that ruling, so if it was

---

[3] For that matter, the State is just plain wrong that it has *no* right to appeal. "The state *is entitled to appeal* a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." TEX. CODE CRIM. PROC. art. 44.01(c) (emphasis added). The question that remains, then, is whether the right to appeal that the State has in this instance is *adequate*.

Furthermore, while I question whether it should even need to be said, when *a defendant* is denied a change of venue in the trial court, it is likely that he must wait until appeal after conviction to complain about it. Here, it is *the State* seeking to overturn a trial court order related to venue. Good for the goose, good for the gander?

erroneous, it could be raised by him on direct appeal. And then, the only question would be which proper district to transfer the case to, consistent with the requirements of Article 31.02. There is simply no good reason for this Court to exercise our extraordinary mandamus authority to compel a result with regard to venue at this time. If the issue needs to be addressed at all, it can be addressed in the trial courts, and if necessary, later, on appeal.

Not to state the obvious, but this is *not* a direct appeal. And if there is a direct appeal by the defendant in this case, Relator—the State of Texas—will have the right to complain about both (1) the rulings made by Judges Johnson and Luong, and (2) the rulings made by the judge who would sit on this case next in Collin County. More importantly, if the next judge to sit on this case in Collin County agrees that venue still needs to be ordered changed, because of Judge Gallagher's original order or because a new transfer determination is made, then that judge could easily change venue to an appropriate location, consistent with the requirements of Article 31.02. Nothing about that process would lead to a "an infinite loop of venue changes[.]" Majority Opinion at 36, n.100.

Perhaps the Court should consider whether, if Judge Gallagher had *denied* a change of venue in this case, the State would have been entitled to mandamus at that point in time to compel the venue to be transferred to another county, including Harris County. If not, then why now compel it to remain there? The posture of the case is really not that different. Even though the case seems to be moving between trial courts and judges, the case is still active in the trial courts. Would the Court

find mandamus an appropriate remedy if it were reviewing an order from Judge Gallagher *denying* transfer of venue (in this hypothetical) that is being challenged? Some may read the Court's decision here as a precedent supporting an answer to that question that the Court might not agree with if that should be the next case in which a question like this reaches us.

## II. RELATOR IS NOT CLEARLY ENTITLED TO RELIEF

The actual, real, and critical question (and the one the court of appeals rightly identified) in this case: whether Judge Johnson or Judge Luong had the authority to invalidate Judge Gallagher's order sending this case to Harris County—on *any basis at all.* If I thought this case ultimately came down to a question of Judge Gallagher's authority to issue the change-of-venue order at all, I would be inclined to join Presiding Judge Keller's dissent in this case, for reasons that she details. But, as far as I am concerned, there is yet another, very good reason that could have justified both Judge Johnson's and Judge Luong's rejection of the specific change-of-venue order that Judge Gallagher issued in this case. Under Article 31.02 of our Code of Criminal Procedure, Judge Gallagher *lacked the authority* to transfer this case to Harris County. TEX. CODE CRIM. PROC. art. 31.02.

There seems to be no dispute that Judge Gallagher issued the change-of-venue order in response to a motion from Relator, the State.[4]

---

[4] Judge Gallagher's written order granting change of venue, signed on March 30, 2017, expressly invokes Article 31.02 of the Code of Criminal Procedure and purports to change venue on the State's motion. TEX. CODE CRIM. PROC. art. 31.02.

When the State seeks a change of venue, the Code of Criminal Procedure identifies an *exclusive* set of localities to which change of venue is permissible, and it seems to allow *no exceptions*. Unlike other provisions in Chapter 31 of the Code governing change of venue, Article 31.02 mandates that any change of venue granted on the State's request "shall" be made "to any county in the judicial district in which [the originating] county is located or in an adjoining district." Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 31.02.[5] The statute recognizes no leeway, as do other statutes in Chapter 31, for improvisation with the indulgence of the parties.[6]

Here, Judge Gallagher ordered that venue be changed to a county

---

[5] The Court, in its footnote 15, suggests that, because the parties consented to go to Harris County, Judge Gallagher "had authority to choose Harris County[,]" notwithstanding Article 31.02. *See* Majority Opinion at 8, n. 15. For authority the Court relies upon *Ex parte Watson*, 601 S.W.2d 350, 351 (Tex. Crim. App. 1980), which I contend—*post* at 13−14, n.12—has no precedential or authoritative value relevant to this case. And the Court fails to discuss or explain how, if at all, the statement it relies upon from *Watson* overcomes the mandatory language—"shall"—in Article 31.02 of our Code of Criminal Procedure.

[6] For example, a trial court judge who decides to change venue "upon his own motion" may, under certain specified conditions, "order a change of venue to any county beyond an adjoining [judicial] district[.]" Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 31.01. Similarly, when changing venue "on the written motion of the defendant," a trial court judge may also, under certain specified conditions, transfer the case to "a county beyond an adjoining district"—if, for instance, a closer county "is not subject to the same conditions which required the transfer" from the originating county, or upon the motion of the defendant and consent of the State. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 31.03. Notably, however, Article 31.02 contains no such relative latitude. Change of venue at the State's request is strictly limited "to any county in the judicial district in which [the originating] county is located or in an adjoining county"—without exception. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 31.02.

several judicial districts removed from that in which Collin County is located.[7] On its face, his order violated the terms of the statute. In my view, it would certainly have been within Judge Johnson's or Judge Luong's discretion to declare Judge Gallagher's change-of-venue order *invalid* on that account, if for no other reason.[8] But those Harris County judges might also have concluded that the change of venue to Harris

---

[7] After a telephonic hearing on April 11, 2017, at which he entertained objections from Real Party in Interest to his March 30th order changing venue, Judge Gallagher signed another written order overruling those objections. His April 11th written order goes on to aver that "[t]he parties have agreed to allow the Court to transfer venue of these cases to a county that does not adjoin Collin County, Texas." So far, so good, since Article 31.02 would permit the trial court to change venue to a county in an "adjoining" judicial district, which would not have to be contiguous with Collin County. But then the April 11th order expressly required that "venue for trial on the merits of these cases is transferred to Harris County, Texas." Collin County and Harris County are not in "adjoining" judicial districts, and so, at least to this extent, the order violates Article 31.02.

[8] The Court says that "the act of voiding Judge Gallagher's valid order was clearly unlawful because it violated Judge Gallagher's judicial authority flowing from both the Texas Constitution and our statutes." Majority Opinion at 36. This seems to suggest that there are *no circumstances* in which a transferee court (like the courts assigned to Judges Johnson and Luong) would ever have the discretion to consider the propriety of a change of venue to one of their courts as an independent matter. But what if (in that court and even this Court's view) the transfer did violate Chapter 31? What remedy then? It also seems to suggest that a transferee court would not even have the authority to further transfer the case out of its district, even were it to find circumstances justifying that action under Chapter 31 of the Code of Criminal Procedure. So, the Court's decision in this case seems to establish a precedent for the proposition that the provisions of Chapter 31 only apply to the original court into which a case is properly filed, and once a decision is made by that court to transfer venue to another court, no further transfer may *ever* be made from the transferee court for any reason at all. I am not at all sure about that. And I am inclined to think this is not what the Court actually intends. So, then, why say it?

County was *void*, since it was beyond Gallagher's statutory authority to order, even with the consent of the parties, under the express and unequivocal requirements of Code of Criminal Procedure Article 31.02.[9]

Even if the failure to follow the statutory scheme did not provide a basis upon which to conclude that the order changing venue to Harris County was *void*, it remained within Judge Johnson's and Judge Luong's *discretion* to declare it *invalid* on that basis. It does not matter that the parties, including the State, *agreed* to the unauthorized change of venue to Harris County. Judge Johnson and Judge Luong could still have acted to rectify the situation, and *those judges* would not have been somehow estopped from doing so on account of the fact that the *parties* were content to violate the law.[10]

---

[9] Ironically, the Fifth Court of Appeals' decision in a previous mandamus action in this case that required Judge Gallagher to relinquish control over the case after signing the order changing venue was predicated on the unchallenged assumption that Gallagher's order changing venue was itself valid. *In re Paxton*, ___ S.W.3d ___, Nos. 05-17-00507-CV, 05-17-00508-CV, 05-17-00508-CV, 2017 WL 2334242, at *4 (Tex. App.—Dallas May 30, 2017). As the Court today accepts, the question of the validity of the order changing venue was apparently not at issue in *that* mandamus proceeding, which is why the Court today rejects Relator's law-of-the-case argument. Majority Opinion at 18. The First Court of Appeals came to the same conclusion. *See In re State ex rel. Wice*, 629 S.W.3d 715, 721−22 (Tex. App.—Houston [1st. Dist.] 2021) ("Because the Dallas Court of Appeals did not resolve whether Judge Gallagher had the authority to order a change of venue after the expiration of his assignment to the underlying cases, the law of the case doctrine does not prevent us from resolving that issue here.").

[10] Unlike the parties, the trial court itself is not impeded by principles of estoppel, waiver, or procedural default from enforcing the law. Suppose Real Party in Interest had proceeded to trial in Harris County, had been convicted, and then argued on appeal that the trial court erred to proceed on the basis of a change of venue that violated Article 31.02. We would probably in that

The bottom line is that, even if Judge Gallagher had the authority to issue a change-of-venue order in this case, he had no authority to change it to Harris County. It was therefore within Judge Johnson's and Judge Luong's discretion (*whose decisions, after all, are ultimately the subject of this mandamus proceeding!*) to declare such an order invalid and to order the Harris County clerk to return the "papers" in the cause to Collin County.[11] TEX. CODE CRIM. PROC. art. 31.05. On that basis, if no other, I conclude that Relator has not shown that it is clearly entitled to the relief it seeks.[12]

---

circumstance hold that his agreement to the illegal change-of-venue destination either estopped him from complaining, or at least constituted a waiver or forfeiture of his ability to complain about it, on appeal. Suppose, instead, that the State attempted to challenge that change-of-venue order on that basis under Article 44.01(c), which allows it to appeal "a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." TEX. CODE CRIM. PROC. art. 44.01(c). We would likewise probably hold that it was estopped by its agreement from doing so. But such principles of estoppel, waiver, or default do not operate to limit the authority of a trial court to enforce the law on its own, irrespective of the will of the parties. The Court takes no account of this important consideration.

[11] And nothing would *then* have prevented Relator from once again seeking to change venue from Collin County, but this time to a statutorily acceptable county.

[12] The Court raises several arguments against my views. I will endeavor to address them here:

First, the Court suggests that "[w]hat either Judges Johnson or Luong might have been thinking is pure speculation." Majority Opinion at 2, n.1. But I have never suggested that any of my arguments depended on the Harris County judges having *actually* accepted my argument about the proper application of Article 31.02 in this case. The point I try to make is *not* that Judges Johnson and Luong *did* order this case returned to Collin County because of Article 31.02, but that they at least had discretion to do so on that basis. At the very minimum, I contend it would not have been an abuse of

discretion for them to do so, and consequently, granting mandamus relief in this circumstance is inappropriate.

Suffice it to say, the burden in this case is on Relator, not Respondent. Relator's burden is to demonstrate that the Harris County trial court judges in this case had *no discretion* to order this case returned to Collin County, either on the basis of Real Party in Interest's arguments or for any other reason. It is not sufficient to earn mandamus relief to merely prove that the reasons argued, or even accepted by the trial court, for the return of the case to Collin County were wrong. If there exists any reason why the Harris County judges *could have*, within their discretion and authority, returned this case to Collin County, our precedents require that mandamus be denied. *See In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) ("To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is *nothing left to the exercise of discretion or judgment*.") (emphasis added).

The Court also relies on *Ex parte Watson*, 601 S.W.2d 350, 351 (Tex. Crim. App. 1980), for the proposition that "[i]mproper venue, unlike jurisdiction, may be waived by the defendant's failure to object[,]" and "[u]nlike jurisdiction, venue may be acquired by consent." Majority Opinion at 8, n.15; *id*. at 35, n. 98.

*Watson* does not stand for the proposition that the Legislature's use of the mandatory term "shall" in Article 31.02 of the Code of Criminal Procedure means only "may," even when the parties might agree to transfer to a particular, otherwise improper county. *Watson* does not rely upon or even cite to any provision in Chapter 31 of our Code, much less Article 31.02 itself. So the likelihood is that, even if that provision was effective when *Watson* was written, the Court was not grappling with its effect in that case. The question in that case was whether the trial of a case involving an improper venue would impact the jurisdiction of the trial court to act. The *Watson* Court answered that question no.

It is unclear to me why the *Watson* Court even needed to say anything about venue being capable of being acquired by "consent." There is no suggestion that "consent" was given in that case or that it had any effect on the resolution of the issues presented. That comment was therefore likely only what the Court has called *obiter dictum*, meaning that it was unnecessary to the decision and does not constitute binding authority. *Seger v. Yorkshire Insurance Co., Ltd.*, 503 S.W.3d 388, 399 (Tex. 2016) ("Obiter dictum is not binding as precedent."). But even looking at the authorities the *Watson* Court cited for that proposition, they do not help the Court's position in this case. *Watson* cites to *Williams v. State*, 145 Tex. Crim. 536, 170 S.W.2d 482 (1943), which pre-dated the 1965 adoption of the modern version of Article 31.02. And

while it does say at one point that "[v]enue may be acquired by consent[,]" it only does so to distinguish venue from jurisdiction, and it relies for that proposition in *Taylor v. State*, 81 Tex. Crim. 347, 197 S.W. 196 (1917) (Morrow, J., dissenting), which similarly refers to consent only in an effort to contrast it with jurisdiction, which (and I agree on this point) may not be acquired by consent. Moreover, in conjunction with its citations to *Williams* and Judge Morrow's dissent in *Taylor*, the *Watson* Court also cites Code of Criminal Procedure Article 13.20, the modern version of which clearly has no application to this case, at all. It provides:

> The trial of all felony cases, *without a jury*, may, with the consent of the defendant *in writing*, his attorney, and the attorney for the state, be held in *any county within the judicial district or districts for the county where venue is otherwise authorized by law*.

TEX. CODE CRIM. PROC. art. 13.20 (emphasis added). There is no evidence that the trial of this case will be conducted without a jury. And even then, the statute limits the counties where the case may be tried by consent to counties "within the judicial district or districts for the county where venue is otherwise authorized by law[,]" *id.*, and as I have otherwise shown in this opinion, venue in this case is not authorized by law to be transferred to Harris County on motion of the State—in this case, Relator. *See* TEX. CODE CRIM. PROC. art. 31.02. So, I consider the Court's reliance on *Watson* to be misplaced in this case. And I am concerned that by jumping to that argument, the Court might unwittingly be establishing a rule permitting venue-by-consent in all cases, irrespective of whether the laws of our state may dictate a different result in some, if not many, circumstances.

The Court also suggests that issues related to Gallagher's decision on "the *place* of venue" may only be raised on direct appeal at the conclusion of the case. Majority Opinion at 13, n. 34. It is true that a defendant is likely not authorized to take an interlocutory appeal to challenge a decision denying a motion to change venue prior to trial and conviction. *See e.g., United States v. Martin*, 620 F.2d 237 (10th Cir. 1980) (denying relief on interlocutory appeal and mandamus where a defendant challenged the denial of his motion to dismiss on the ground of improper venue). That a defendant might not be permitted to appeal the denial of a change of venue until after the entry of a judgment of conviction does not *a fortiori* compel the conclusion either: (1) that a defendant may not properly move for a reversal of a change-of-venue order in the trial court; or (2) that a trial court may not lawfully grant such a motion.

### III. Conclusion

Mandamus relief should be denied in this case. In my view, the Court clearly errs by deciding otherwise. Because the Court holds that mandamus is appropriate to compel this case to remain in Harris County, I respectfully dissent.

**FILED:**                                      June 14, 2023
**PUBLISH**

---

The Court also, again, suggests that the Harris County judges' orders must be vacated because "the parties clearly waived any objections under Article 31.02 and consented to a non-adjacent county." Majority Opinion at 35−36. Even if the parties might have waived arguments that they might have had to make to preserve the issue for an eventual direct appeal challenge, the Harris County district judges retained authority to ensure that the law, as mandated in Article 31.02, was followed. A trial court judge is not restricted from ensuring the law is followed because of principles of estoppel, waiver, or forfeiture of a claim by a party. Even if the parties were content—themselves— to violate the law, the Harris County district judges still had authority to enforce it.

And finally, the Court's opinion says "the Constitution requires more than mere disagreement to void the rulings of one of its judges acting within their discretion." Majority Opinion at 36. Considering all of the history of written opinions by this Court, I have always understood that maxim to be true, especially in the context of mandamus. But the Court seems to think that its disagreement with Judges Johnson's and Luong's *reasons* given for their orders is a sufficient reason to void their decisions. What are we to make of that?